**Arthur J. BROWN and Frieda G. Brown**

v.

**The UNITED STATES.**

No. 125–65.

United States Court of Claims.

March 15, 1968.

Joel N. Simon, Washington, D. C., attorney of record, for plaintiffs. Arent, Fox, Kintner, Plotkin & Kahn, Washington, D. C., and Joseph H. Crown, New York City, of counsel.

E. Alan Moorhouse, Washington, D. C., with whom was Asst. Atty. Gen.

Mitchell Rogovin, for defendant. Philip R. Miller, Wahington, D. C., of counsel.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

### ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

SKELTON, Judge.

This is a suit for a refund of income tax and interest totaling $36,600.41 paid by the plaintiffs, Arthur J. Brown and Frieda G. Brown, for the year 1955.

On May 17, 1967, the plaintiffs filed their motion for summary judgment presenting the following issue for disposition by this court.

Whether section 7503 of the Internal Revenue Code of 1954 [1] which provides—

> When the last day prescribed under authority of the internal revenue laws for performing any act falls on Saturday, Sunday, or a legal holiday, the performance of such act shall be considered timely if it is performed on the next succeeding day which is not a Saturday, Sunday, or a legal holiday.
> \* \* \*

has the legal effect of treating an income tax return filed on Monday, April 16, 1956, as if it had been filed on Sunday where the April 15, 1956, deadline for filing individual Federal income tax returns fell on a Sunday.

This issue gains importance from the fact that the plaintiffs contend an assessment of a deficiency mailed on April 16, 1959, for the year 1955 was barred by the three-year statute of limitations.

Plaintiffs filed their joint Federal income tax return for the calendar year 1955 on Monday, April 16, 1956.[2] April

[1.] All statutory references are to the Internal Revenue Code of 1954.

[2.] The plaintiffs alleged in their petition that they filed their joint return for the year 1955 on or before April 14, 1956. In its answer, the defendant denied this

allegation and alleged that plaintiffs' 1955 income tax return was filed on April 16, 1956. For purposes of plaintiffs' motion for summary judgment, the defendant's allegation of fact—that plaintiffs' 1955 income tax return was filed on April 16, 1956—is taken as true.

15, 1956, which was the date prescribed by law for the filing of 1955 individual Federal income tax returns, fell on a Sunday.

Pursuant to section 6212(a) of the Internal Revenue Code of 1954, the plaintiffs, by letter dated April 16, 1959 (a "90-day letter"), were notified of a deficiency in Federal income tax in the amount of $29,678.52, which resulted entirely from the disallowance of an interest deduction of $50,520.94 which had been claimed by the plaintiffs on their Federal income tax return for the year 1955. This deficiency was assessed against the plaintiffs on September 4, 1959.

The plaintiffs paid the amount of such deficiency, together with interest, and on December 8, 1961, filed a claim for refund with the District Director of Internal Revenue. On May 14, 1963, plaintiffs' refund claim was disallowed in its entirety. Plaintiffs filed their petition in this court on April 20, 1965.

Under section 6501(a), the Internal Revenue Service is required to make an assessment of tax for a particular taxable year within three years after the return for such taxable year was filed "*(whether or not such return was filed on or after the date prescribed)* * * *." [Emphasis supplied.] Prior to actually making an assessment, section 6212(a) authorizes the Internal Revenue Service to send a notice of deficiency commonly referred to as a "90-day letter," to the taxpayer. Section 6213(a) allows the taxpayer ninety days after the mailing

of the 90-day letter in which to file a petition in the Tax Court and provides that during this 90-day period the Internal Revenue Service is precluded from making an assessment. Section 6503(a) (1) provides that the running of the 3-year period of limitations provided in section 6501(a) is suspended for the 90-day period during which the Internal Revenue Service is prohibited—section 6213 (a)—from making an assessment, and for sixty days thereafter. However, section 6503(a) (1) is effective to suspend the running of the 3-year period of limitation only if the 90-day letter is mailed prior to the expiration of said 3-year period. Thus, the actual issue before us is whether the mailing of the 90-day letter by the Internal Revenue Service on April 16, 1959, was timely.[3] The question then is whether the 3-year statute of limitations on the assessment against plaintiffs runs from April 15, 1956, or from the actual filing date of April 16, 1956.

We do not agree with the plaintiffs' position that the legal effect of section 7503, supra, is to treat their return as if it was filed on Sunday so that the limitation period on assessment of a deficiency begins to run from Sunday, April 15. Section 7503 merely considers the performance of such act on the next succeeding business day as being timely and does not operate to negate the effect of the actual date of performance for other purposes, i. e., the actual date of filing for commencing the limitation period on assessments. By its terms, section 7503 does not purport to diminish

3. Issuance of a deficiency notice suspends the running of the period of limitations on income taxes for a minimum period of 150 days—the 90-day period during which no tax assessment can be made (Internal Revenue Code of 1954, section 6213(a)) plus 60 days. Internal Revenue Code of 1954, section 6503(a) (1). The deficiency herein was assessed on September 4, 1959, within 150 days of mailing the deficiency notice on April 16, 1959. Therefore, if the sending of the deficiency notice was timely, the assessment was timely.

On March 20, 1967, prior to the plaintiffs' motion for summary judgment, the defendant filed its motion for summary judgment contending that when the April 15 deadline for filing income tax returns falls on Sunday, the last day prescribed by law for filing the return becomes the following Monday and the limitations period on assessments of tax does not commence to run before then. On October 5, 1967, defendant moved to withdraw its motion for summary judgment believing its position to be in error.

the statute of limitations for making assessments.

The argument presented by plaintiffs that the Internal Revenue Service recognized that the due date for filing returns was April 15, 1956, because the Service computed interest on plaintiffs' 1955 tax deficiency from that date is not persuasive with respect to the limitations problem. In fact, the computation of interest from April 15, 1956, forward is perfectly consistent with the language of section 6601 and referenced sections. Those sections operate independently from the limitations provisions and are not affected by section 7503.

The clear wording of section 6501(a), supra, indeed compels the conclusion in our opinion that the notice of deficiency was timely. By that section the Internal Revenue Service can make an assessment "within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) * * *." The parenthetical language is so plain as to leave no doubt that the actual filing date was contemplated to commence the limitations period in this situation. Where language is so plain, neither construction nor resort to extrinsic evidence is needed. Helvering v. City Bank Farmers Trust Co., 296 U.S. 85, 89, 56 S.Ct. 70, 80 L.Ed. 62 (1935), rehearing denied, 296 U.S. 664, 56 S.Ct. 303, 80 L.Ed. 473. The plaintiffs admit that they were required by section 6072 (a) to file their 1955 income tax return by April 15, 1956. As that was the "date prescribed," computation of the limitation period must commence with April 16, 1956, since that was the stipulated actual filing date, a day "after the date prescribed." In other words, the 90-day letter mailed on April 16, 1959, was timely.

Naturally, it is still open for the plaintiffs to prove a filing date on or before April 15, 1956, if they can do so, since April 16 was made the filing date only for purposes of the motion for summary judgment. Plaintiffs' motion for summary judgment is therefore denied and this case is remanded to the trial commissioner for proceedings in ordinary course.