**HOTEL EQUITIES CORPORATION,**
Appellee,

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellant.**

No. 76–1584.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 29, 1976.

Decided Dec. 8, 1976.

**726**

Scott P. Crampton, Asst. Atty. Gen., Francis J. Gould, Atty., Tax Div., Dept. of Justice, Washington, D. C., Meade Whitaker, Washington, D. C., for appellant.

Burton W. Kanter, Alan F. Segal, Chicago, Ill., for appellee.

Before HASTINGS, Senior Circuit Judge, MOORE, Senior Circuit Judge,* and SPRECHER, Circuit Judge.

SPRECHER, Circuit Judge.

The sole issue on this appeal is whether Section 7502 of the Internal Revenue Code of 1954 [1] (hereinafter referred to as the Code) defines the time when a tax return is "filed" for purposes of Section 6501(a) of the Code.

## I

The pertinent facts, which are undisputed for purposes of this appeal, are briefly stated. The tax return of Hotel Equities Corporation (hereinafter referred to as the taxpayer) was due on July 15, 1970. The taxpayer properly "mailed" [2] the return to the appropriate Internal Revenue Service Center on July 14, 1970. The return was "received" by the Internal Revenue Service (hereinafter referred to as the IRS) on July 17, 1970. On July 17, 1973 the IRS mailed to the taxpayer a notice of deficiency for the 1970 taxable year. The taxpayer responded with a timely petition to the Tax Court challenging the proposed deficiency assessment.

The thrust of taxpayer's challenge can also be briefly summarized. Section 6213(a) of the Code provides that no deficiency assessment shall be made by the IRS until a notice of deficiency is mailed to the taxpayer. Section 6501(a) requires that an assessment be made within three years of the time a return is "filed." The taxpayer contends that section 7502 governs the time when a return is deemed "filed" under section 6501(a), which would mean that the return was "filed" on the date it was "mailed" to the IRS. And, since the notice of deficiency was mailed to the taxpayer more than three years after the taxpayer's return was "filed," the proposed deficiency assessment is barred by the statute of limitations in section 6501(a).

The Commissioner of Internal Revenue (hereinafter referred to as the Commissioner), while not disputing the legal effect of the other Code provisions relied on by the taxpayer, contends that section 7502 does not govern the time when a return is "filed" in section 6501(a), and therefore a return is "filed" only upon receipt by the IRS. And, since the notice of deficiency in this case was mailed to the taxpayer within three years of the time when the taxpayer's return was received by the IRS, the assessment was not barred by the limitations period in section 6501(a).

A majority of the Tax Court agreed with the taxpayer, holding that section 7502 determined the time when a return is deemed "filed" under section 6501(a). The three year period, therefore, had expired before

---

* Senior Circuit Judge Leonard P. Moore of the United States Court of Appeals for the Second Circuit is sitting by designation.

1. The sections referred to in this opinion can be found in title 26 of the United States Code.

2. Throughout this opinion, "mailed" means the postmark date.

the notice of deficiency was mailed, and *a fortiori* the proposed assessment was untimely. 65 T.C. 528. It is from this decision that the Commissioner appeals.

## II

Section 6501(a) of the Code provides in pertinent part:

> [T]he amount of any tax imposed by this title shall be assessed within 3 years after the return was *filed* (whether or not such return was filed on or after the date prescribed)[3] . . . and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period (emphasis added).

And, section 6213(a) provides in pertinent part:

> [N]o assessment of a deficiency in respect of any tax . . . and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer.

. . .

■ There is no dispute between the parties that the effect of these provisions is to bar the proposed assessment in this case if the notice of deficiency mailed to the taxpayer on July 17, 1973 was mailed more than three years after the taxpayer's return was "filed" with the IRS. The only dispute

relates to whether "filed" in section 6501(a) means "mailed" by the taxpayer or "received" by the IRS. If "filed" means "mailed," the taxpayer prevails, since the return was mailed on July 14, 1970;[4] if "filed" means "received," the Commissioner prevails, since the return was received on July 17, 1970.

Although section 6501(a) does not define "filed," it has long been understood that it means "delivered" for purposes of determining when the statute of limitations on assessments under section 6501(a) starts to run. As the court noted in *Phinney v. Bank of the Southwest National Association*, 335 F.2d 266 (5th Cir. 1964):

> The filing of a paper takes place upon the delivery of it to the officer at his office. . . . Mailing is not filing. . . . When the mails are utilized for the purpose of filing an instrument, the filing takes place upon delivery at the office of the official required to receive it.

*Id.* at 268 (citations omitted).

It is against this background, that Congress in 1966 amended section 7502 of the Code to make it applicable to tax returns.[5] In essence, section 7502(a)(1) provides "that when a return, after the date prescribed for its filing, is 'delivered' by United States mail to the proper office, the *date of the . . . postmark . . . 'shall be*

---

**3.** The Commissioner contends that the parenthetical language—whether or not such return was filed on or after the date prescribed—indicates "filed" in section 6501(a) means "received." In this court's view, the phrase in question sheds no light on the meaning of "filed" and is not inconsistent with the position of either party. The parenthetical phrase only indicates that, whatever constitutes *filing* (mailing or receipt), the three year period which the Commissioner has in which to make an assessment does not begin to run until the return is "filed," even though filing does not occur until after the return was due.

It should also be noted that if a return is "filed" *before* the due date (whether filing is deemed mailing or receipt), section 6501(b) provides that the statute of limitations does not commence to run until the due date. Thus, in the case before us, if "filed" means "mailed," section 6501(b) indicates that the statute of limitations did not begin to run on the date of mailing—July 14, 1970—but rather on the due

date—July 15, 1970. In either case, however, the limitations period would have expired since the notice of deficiency was not mailed to the taxpayer until July 17, 1973.

**4.** *See* second paragraph of note 3 *supra.*

**5.** Section 7502(a)(1) provides in pertinent part:

(1) Date of delivery.—If any return, claim, statement, or other document required to be filed . . . within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed . . ., the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document . . ., is mailed shall be deemed to be the date of delivery. . . .

*deemed to be the date of delivery.'"* 65 T.C. at 531 (emphasis added). In light of the longstanding definition of "filing" in section 6501(a) as "delivery," the fact that Congress amended section 7502 to provide that the date of "mailing" a return shall be deemed the date of its "delivery" is compelling evidence that "filed" in section 6501(a) means "mailed" and not "received."

However, while conceding that amended section 7502 defines "filed" as "mailed" for some purposes, the Commissioner contends that section 7502(a)(1) does not define the time when a tax return is deemed "filed" for purposes of section 6501(a). The Commissioner basically argues that section 7502(a)(1) defines "filed" as "mailed" for the limited purpose of determining whether a taxpayer has filed a return or other specified document in a timely manner.[6] In the Commissioner's opinion, therefore, section 7502 determines whether a return is "filed" on time so as to avoid an addition to tax under section 6651(a) or whether a claim for refund is "filed" before the deadline prescribed by section 6511(b), but not whether a return is "filed" so as to commence the running of the statute of limitations on assessments under section 6501(a) or on claims for refund under section 6511(a).

█ As the dissent in the Tax Court below acknowledged, section 7502(a)(1) does not on its face provide that delivery (*i. e.* filed) is to have one meaning—mailed—in some provisions of the Code and another

meaning—received—in section 6501(a). Section 7502(a)(1) simply provides that, when a document required to be filed by a prescribed date (such as the tax return in the instant case) is properly mailed, it will be deemed delivered (*i. e.* filed) on the date of its mailing. And, "there is a natural presumption that identical words used in different parts of the same act are intended to have the same meaning." *Atlantic Cleaners & Dyers, Inc. v. United States*, 286 U.S. 427, 433, 52 S.Ct. 607, 609, 76 L.Ed. 1204 (1932). The only question which remains, therefore, is whether the Commissioner has offered any convincing evidence of a contrary congressional intent which should cause this court to depart from the apparently clear meaning of section 7502(a)(1) and the "natural presumption" which accompanies it.

In an attempt to satisfy this burden, the Commissioner relies heavily on statements excerpted from the legislative history of amended section 7502 which he contends support his view of the limited reach of that section. However, in our view, the legislative history is of little assistance in resolving the question presented on this appeal. While the statements referred to by the Commissioner may accurately reflect the underlying conditions which prompted Congress to extend section 7502 to tax returns, we are not persuaded that they establish a congressional design that the section would apply *only* where necessary to assist tax-

---

6. The Commissioner cites *Brown v. United States*, 391 F.2d 653, 183 Ct.Cl. 13 (1968), in support of this interpretation. *Brown*, however, involved the question of whether section 7503 affected the time when a return was considered filed for purposes of commencing the statute of limitations on assessments. Section 7503 provides in pertinent part:

> When the last day prescribed under authority of the internal revenue laws for performing any act falls on Saturday, Sunday, or a legal holiday, the performance of such act shall be considered *timely* if it is performed on the next succeeding day which is not a Saturday, Sunday, or a legal holiday.

Whereas section 7502 provides that the mailing of a return shall be deemed "filing" of that return, section 7503 merely provides that performance of an act in accordance with that section will be considered the *timely* perform-

ance of that act. Hence, unlike section 7502, section 7503, by its terms, does not purport to define when a return or other document is deemed "filed," which is the critical inquiry when attempting to ascertain the starting date for the running of the statute of limitations on assessments.

Accordingly, to the extent that the court in *Brown* was only saying that the question of whether an act is considered *timely* under section 7503 is to be divorced from the question of when the statute of limitations begins to run under section 6501(a), we see no inconsistency with the decision we have reached in this case. However, to the extent that *Brown* can be interpreted as suggesting that "filed" in section 6501(a) means, under all circumstances, actually received by the IRS, we cannot agree for the reasons stated in this opinion.

payers in meeting filing deadlines imposed by various sections of the Code.

 In fact, the Commissioner, in his own interpretive rulings, has not adhered to the restrictive construction of section 7502 which he presently claims the legislative history establishes was clearly intended by Congress. Section 6611(e) of the Code provides in pertinent part:

> If any overpayment of tax . . . is refunded within 45 days after the date the return is *filed*, no interest shall be allowed . . . on such overpayment (emphasis added).

Section 6611(e), like section 6501(a), does not primarily involve the question of whether a tax return or other document has been filed by the taxpayer before a prescribed deadline. Yet, in Rev.Rul. 74–236, 1974–1 Cum.Bull. 348, the Commissioner ruled that, since there was nothing to indicate that Congress intended to exempt section 6611(e) from the provisions of section 7502, "filed" in section 6611(e) means

"mailed" by the taxpayer and not "received" by the IRS. And, since there is nothing in section 6501(a) which excepts it from the provisions of section 7502,[7] the Commissioner's own interpretation of the reach of section 7502 leads to the conclusion that there is no reasoned basis for concluding, as the Commission urges this court to do, that "filed" in section 6611(e) means "mailed," but "filed" in section 6501(a) means "received." [8]

The Commissioner also argues that a holding for the taxpayer in this case will have an adverse impact on taxpayers under other provisions of the Code. In our view, however, the effect which a decision for the taxpayer would have on taxpayers in general under those provisions referred to by the Commissioner does not warrant the conclusion that it would be unreasonable to presume that Congress could have intended such a result, thereby compelling this court to depart from the plain meaning of section 7502. For example,[9] section 6511(a) pro-

---

**7.** The Commissioner contends that the parenthetical language in section 6501(a) operates to except that section from the provisions of section 7502. For the reasons stated in note 3, *supra*, this contention must be rejected.

**8.** The Commissioner contends that the interpretive ruling discussed in the text—*i. e.*, since section 6611(e) has not been excepted from the provisions of section 7502, "filed" in section 6611(e) means "mailed" and not received—is not inconsistent with his basic position on this appeal that "the legislative history demonstrates that Congress' *only* concern in extending Section 7502 to tax returns was to assist the taxpayers in meeting the time requirements" imposed by the Code. We must disagree. It is evident that section 6611(e), like section 6501(a), does not come within the ambit of the asserted congressional concern for the difficulties taxpayers might face in meeting filing deadlines under the Code.

The Commissioner also apparently argues that section 7502 properly extends to section 6611(e), but not to section 6501(a), because its application in the former context has an ameliorative effect upon taxpayers. We fail to see the logic in the Commissioner's proffered distinction, and, in any event, the distinction is not supported by the language of the statute or the legislative history relied on by the Commissioner.

It is also worth noting that one of the arguments the Commissioner makes against applying section 7502 in this case—namely, that there is no affirmative evidence that Congress in extending section 7502 to tax returns intended to shorten the period which the Commissioner formerly had in which to examine returns for deficiencies—is equally applicable to section 6611(e). Nevertheless, the Commissioner (in our view, properly) ruled that in the absence of any affirmative proof that Congress intended section 7502 *not* to apply to section 6611(e), it does apply.

**9.** The other example given by the Commissioner involves section 6532(a), which essentially provides that a taxpayer may not file suit for a refund for 6 months from the date his claim for refund is filed with the IRS, unless his claim is denied by the Commissioner before the expiration of the prescribed period. It is difficult for the court to discern any prejudice to the taxpayer from the application of section 7502 in this context. For, section 6532(a) does not say that the taxpayer must file suit within 6 months; it provides simply that the taxpayer must wait 6 months before filing suit. Thus, if the taxpayer desires to file suit for the refund, section 7502 assists him, since it allows him to file suit earlier than he would otherwise be able to. And, if the taxpayer desires to give the Commissioner additional time to consider his claim, he can simply defer filing suit for the refund.

vides, inter alia, that a claim for refund must be filed by the taxpayer within 3 years from the time the tax return was "filed" with the IRS. Assuming section 7502(a)(1) determines the time when a return is deemed "filed" under section 6511(a), the taxpayer would be required to file a claim for refund within 3 years of the date the return was "mailed." In the usual case, therefore, the taxpayer would be required to file his claim only a few days before the time filing would have been required had section 7502 not been extended to tax returns.[10]

Finally, there is no indication that a holding in favor of the taxpayer in this case will prejudice the ability of the IRS to scrutinize tax returns for possible deficiencies to a degree which might compel us to ignore the longstanding rule that "filed" in section 6501(a) means "delivered" and the plain meaning of section 7502(a)(1) that the date of "mailing" a return is deemed the date of its "delivery." Except in very exceptional circumstances, the 3 year period which the IRS has in which to make a deficiency assessment will be shortened only by the time it takes to deliver a mailed return to the IRS.[11]

Accordingly, for the reasons stated in this opinion, the judgment of the Tax Court is affirmed.

AFFIRMED.

10. Moreover, the application of section 7502 to determine the time a return is considered "filed" under section 6511(a) will result in a more equitable treatment of taxpayers having a right to a refund, in that all taxpayers having a right to a refund will have the same period—3 years from the time of mailing their return—in which to file their refund claims. Whereas if section 7502 were held inapplicable, similarly situated taxpayers would find their refund claims treated differently depending upon the vagaries of postal delivery.

11. Also, as noted earlier in this opinion (see note 3 supra), section 6501(b) provides that, when a return is "filed" before the due date (assuming "filed" means returns which are mailed or actually received before the due date), the statute of limitations does not start to run until the due date. Hence, the amount of time by which the 3 year period is shortened by the operation of section 7502—an already short period in the usual case—is further reduced by section 6501(b).