**Gary M. EMMONS and Martha C. Emmons, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 89–4414.**

United States Court of Appeals, Fifth Circuit.

April 11, 1990.

---

William C. Waller, Jr., Waller, Mark & Allen, Denver, Colo., for petitioners.

Gary R. Allen, Chief, Appellate Section, David M. Moore, Steven W. Parks, Richard Farber, Kimberly S. Stanley, William S. Rose, Jr., Asst. Atty. Gen., Tax Div., U.S. Dept. of Justice, William Nelson, Chief Counsel, IRS, Washington, D.C., for respondent.

Before GEE, GARZA and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Gary M. Emmons and Martha C. Emmons (the taxpayers) appeal the tax court's order sustaining the Commissioner of Internal Revenue's (the Commissioner's) determination of tax deficiencies. We affirm.

#### I.

The taxpayers sought review in the tax court for deficiencies the Commissioner assessed against them for their 1981 and 1982 returns. The Tax Court sustained the Commissioner's determination of deficiencies.

The only issue on appeal is whether the statute of limitations had run on the Commissioner's ability to assess deficiencies. The returns at issue were due on April 15, 1982 and April 15, 1983. They were postmarked May 5, 1983 and were received by the IRS on May 9, 1983. The notice of deficiency was sent on May 8, 1986.

#### II.

A three-year statute of limitations applies to the IRS's mailing of a notice of deficiency. 26 U.S.C. § 6501(a). The period begins to run on the date the return is "filed." *Id.* The resolution of this appeal turns on our determination of the filing date of the returns. If the returns were "filed" when the taxpayers mailed the returns, the limitations period expired on May 5, 1986 and the notice of deficiency was not effective. If the returns were "filed" when the IRS received the returns, the deficiency notice was timely.

The general rule is that a return is filed when it is "delivered" to the IRS. *Phinney v. Bank of the Southwest National Assoc.*, 335 F.2d 266, 268 (5th Cir.1964); *Hotel Equities Corp. v. C.I.R.*, 546 F.2d 725, 727 (7th Cir.1976). However, 26 U.S.C. § 7502 provides that certain documents are to be considered "delivered" on the date of the postmark. In 1966, § 7502 was amended to include tax returns within the category of documents that may be "delivered" on the date of the postmark. The parties agree that a document is filed for purposes of triggering the § 6501(a) statute of limitations on the date it is considered delivered by § 7502. *See Hotel Equities*, 546 F.2d 725.

The plain language of § 7502(a)(2) indicates that the provision making delivery effective when the document is posted only applies to returns that are mailed on or before the day on which they are due:

    **(2) Mailing requirements.**—This subsection shall apply only if—

    (A) the postmark falls within the prescribed period on or before the prescribed date—

      (i) for the filing ... of the return ...

Therefore, § 7502 establishes that timely filings are delivered and, thus, filed on the postmark date but late filings are not considered delivered or filed until they are received by the IRS.

Appellants contend that, despite the clear language of the statute, Congress could not have intended such an inconsistency and that *Hotel Equities* calls for the same rule to be applied to both timely and late returns.

Congress' reasons for amending § 7502 do not support appellants' argument. In 1966 Congress amended the tax code to allow the IRS to require taxpayers to file returns directly with one of the seven regional service centers. Previously, taxpayers filed their returns at one of 58 district director's offices. S.Rep. No. 1625, *reprinted in* 1966 U.S.Code Cong. & Ad. News, 3676, 3676–77. Because many taxpayers had to file returns at locations that were a significant distance from their homes, Congress was concerned that some taxpayers would have to mail their returns several days before due so that the returns would be delivered to the IRS by the due date. *Id.* at 3683. The legislative history does not support the taxpayers' argument that Congress intended those who filed late returns to have the benefit of this rule.

Taxpayers' arguments based on *Hotel Equities* also fail. The issue in *Hotel Equities* was whether § 7502 defines the term "filed" in § 6501, the provision which establishes the three-year statute of limitations period for deficiency notices. The court did not interpret § 7502 or address the issue of whether § 7502 applies to late returns; the taxpayer in *Hotel Equities* filed a timely return. Although dicta in *Hotel Equities*, 546 F.2d at 728, suggests that "filed" should have the same meaning throughout the tax code, this rule of statutory construction does not allow the court to ignore the plain language of the statute and give "filed" the same meaning in cases of both timely and late returns. We decline to ignore the statute's plain words. Thus, all timely returns are considered filed as of the postmark date and all late returns are considered filed as of the date of delivery.

    AFFIRMED.