NAPHTALE SINGER, Petitioner v COMMISSIONER OF INTERNAL REVENUE, Respondent
Singer v. Commissioner
Docket No. 28590-89
United States Tax Court
T.C. Memo 1991-27; 1991 Tax Ct. Memo LEXIS 21; 61 T.C.M. (CCH) 1720; T.C.M. (RIA) 91027; January 23, 1991, Filed Decision will be entered for the respondent. Held: Petitioner's filing of his 1984 Individual Income Tax Return in April 1988 breached his duty to timely file, and a breach of that duty is sufficient evidence of negligence. Emmons v. Commissioner, 92 T.C. 342 (1989), affd. on other issues 898 F.2d 50 (5th Cir. 1990) followed. Held further: Petitioner's claim for refund was deemed filed when received by the Internal Revenue Service and thus, on the facts at hand, was untimely filed. Naphtale Singer, pro se. Robert A. Walker, Jr., for the respondent. HALPERN, Judge. HALPERN
MEMORANDUM OPINION This case is before us on two matters relating to petitioner's 1984 income tax liability. First, petitioner challenges respondent's determination under section 6653(a)(1) [1] of a $ 138 addition to tax for negligence. Second, petitioner challenges respondent's determination that petitioner's claim for refund is time barred by section 6512(b)(3). *22 BACKGROUND A trial was held in this case, in Baltimore, Maryland, on November 26, 1990. At that trial, petitioner testified on his own behalf. No other witnesses were called. Four joint exhibits were admitted into evidence: (1) petitioner's 1984 Individual Income Tax Return, as received by the Internal Revenue Service, (2) a copy of the envelope in which that return was mailed, (3) respondent's notice of deficiency with respect to petitioner's 1984 tax year, and (4) District Counsel's computation of income tax changes. A "settlement computation" of income tax changes was also admitted into evidence as petitioner's Exhibit 5. No other documents were admitted into evidence. Petitioner did not timely file his 1984 income tax return. In fact, petitioner did not file that return until April 1988, after having been contacted by the Internal Revenue Service. Petitioner testified that he mailed that return on Thursday, April 14, 1988. The envelope in which that return was received by respondent is postmarked Saturday, April 16, 1988. The return carries a date-stamp showing that it was received by the Internal Revenue Service on April 18, 1988. Petitioner has not challenged the *23 accuracy of that stamp, and we find that petitioner's return was received by respondent on April 18, 1988. In his return, petitioner claimed a refund of $ 1,494.71. By letter dated September 20, 1989, respondent determined deficiencies and additions to tax for 1984 as follows: Additions to Tax
Section
Section
Section
Deficiency
6651(a)
6653(a)(1) & (2)
6654
$ 18,305
$ 3,631.81
$ 915.26 *
$ 853.96
Petitioner and respondent now agree that petitioner's correct income tax liability for 1984 is $ 2,756. They also agree that petitioner is to be credited with withholding payments in the amount of $ 3,778. Thus, it would appear, petitioner has made an overpayment in the amount of $ 1,022. However, respondent contends that no overpayment should be determined since petitioner's claim for refund was not timely made. See section 6512(b)(3). Moreover, respondent has determined an addition to tax for negligence in the amount of $ 138. Respondent is not attempting to collect that addition, however, allowing it to be offset against the time-barred overpayment. As stated, petitioner *24 challenges the addition to tax for negligence and asserts that he is entitled to an overpayment. Petitioner testified that, for 1984, he requested extensions of time to file his return. Other than that testimony, petitioner presented nothing evidencing requests for such extensions. We find that petitioner requested no extensions of time to file his 1984 return. Petitioner's testimony offered no adequate explanation of his failure to file his 1984 return until April 1988. DISCUSSION An addition to tax for negligence is provided for in section 6653(a) (now section 6662(b)(1)). The addition is due if there is an underpayment of tax, and any part of such underpayment is due to negligence. Sec. 6653(a)(1). Petitioner does not challenge respondent's calculation of the addition. Petitioner's failure to timely file his 1984 return prevents petitioner from successfully challenging respondent's determination that there was an underpayment. Sec. 6653(c)(1). Petitioner, however, challenges the attribution of that underpayment to negligence. We recently have held that taxpayers have a statutory duty to timely file their income tax returns, and that a breach of that duty is sufficient *25 evidence of negligence. , affd. on other issues . Petitioner has made no argument that would lead us to a different conclusion, nor has he introduced any evidence justifying his failure to timely file his 1984 return. We follow our decision in Emmons and hold petitioner liable for the addition to tax for negligence determined by respondent. We have jurisdiction to determine whether petitioner made an overpayment of tax for 1984. Sec. 6512(b)(1). Petitioner may not, however, receive an overpayment of any tax paid more than 3 years prior to his filing of a claim therefor. Secs. 6512(b)(3) and 6511(b)(2)(A). Petitioner's withholding (the tax deducted and withheld at the source during 1984) is deemed paid on April 15, 1985. Sec. 6513(b)(1). Petitioner's claim for refund (his 1984 Individual Income Tax Return) is deemed filed when received by respondent. A.F.T.R.2d (RIA) 5475 (W.D.N.Y. 1983); . The rule of section 7502, that timely mailing of a return or claim is treated as timely filing of *26 that document, does not apply to late returns. Sec. 7502(a)(2). Thus, even if we were to credit petitioner with his having mailed his return on April 14, 1988, that would not overcome the fact of his return being received by the Internal Revenue Service on April 18, 1988. His claim is deemed filed on April 18, 1988, which is without the statutory period during which he must file a claim for refund. For the reasons set forth above, Decision will be entered for the respondent. Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. Plus 50 percent of the interest payable with respect to the underpayment. ↩