LEE JAMES GUICE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Guice v. Commissioner
Docket No. 27561-92
United States Tax Court
T.C. Memo 1994-521; 1994 Tax Ct. Memo LEXIS 529; 68 T.C.M. (CCH) 969; October 18, 1994, Filed *529 Decision will be entered under Rule 155. Lee James Guice, pro se. For respondent: Susan Smith Canavello. POWELL
POWELL
MEMORANDUM FINDINGS OF FACT AND OPINION POWELL, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
By notice of deficiency dated November 20, 1992, respondent determined a deficiency in petitioner's 1988 Federal income tax and additions to tax under sections 6651(a)(1), 6653(a)(1), and 6661(a) in the respective amounts of $ 5,849, $ 222.40, $ 363.15, and $ 1,462. Petitioner resided in Metairie, Louisiana, at the time he filed his timely petition. After concessions, [2] the issues are (1) whether petitioner is entitled to a capital loss in the amount of $ 16,873; (2) whether petitioner is entitled to a business loss (Schedule C) in the *530 amount of $ 2,100; (3) whether petitioner is entitled to miscellaneous deductions in the amount of $ 5,695; and (4) whether the additions to tax are applicable. FINDINGS OF FACT The facts may be summarized as follows. During 1988 petitioner was employed as a school teacher in the Orleans Parish school system and also by Delta College, Inc. Petitioner drove between the Orleans Parish school in east New Orleans and Delta College in Baton Rouge. Petitioner was also seeking other employment at the university level and traveled to St. Louis, Missouri, and Tampa, Florida, during 1988. On his 1988 Federal income tax return petitioner deducted $ 2,748 and $ 3,351 for unreimbursed employee expenses for travel between New Orleans and Baton Rouge and for "job seeking expenses", respectively. Petitioner does not have any records substantiating this travel and *531 the expenses related thereto. Respondent disallowed the deductions in full. The scenario giving rise to the business and capital losses seems to have been scripted by Jimmy Breslin. Petitioner and one Angelo Pavone (Pavone) entered into some type of an arrangement where they would take over a barbershop business from Stephanie and David Michel (the Michels). Petitioner and Pavone planned to operate a "beauty shop and a cosmetology school." There was no written agreement between petitioner and Pavone. Apparently Pavone was to run the business. Petitioner was to finance the business and "do all the federal guideline works of being able to get federal funding for the students, which was the most important thing for the project." Petitioner paid the Michels $ 8,000. There was no written contract of sale and no written lease. Petitioner allegedly paid $ 2,100 for supplies. Petitioner has no records reflecting the purchase of those supplies. The business was located in the Student Union Building of Loyola University. The building was managed by a Mr. Miller. A short time after the Michels left, Mr. Miller called petitioner on a Friday and told him that Pavone had a criminal record, *532 and that he and petitioner had to vacate the Student Union Building. When petitioner went to the Student Union Building on the following Tuesday, the Michels had moved back in and were operating the business. Petitioner could not find any of the supplies, and Pavone had disappeared. Petitioner did not report the missing supplies to the police. On May 15, 1989, petitioner and the Michels entered into a written settlement agreement that recited that petitioner had paid the Michels $ 8,000 for the business and that the sale had never been consummated. The agreement further provided that the Michels would pay $ 7,000 to petitioner. This is the only document that corroborates petitioner's version of the events. On his 1988 return, petitioner deducted $ 2,100 on a Schedule C. This represents the amount allegedly paid for the supplies. Petitioner also deducted $ 16,873 as an ordinary loss on the sale of a business. Petitioner has no records to establish the items that were contained in this figure, other than the settlement agreement reflecting that he paid the Michels $ 8,000. Respondent disallowed the claimed deductions in full. Petitioner filed his 1988 return with the Memphis *533 Service Center on August 10, 1989. The return was due to be filed on April 16, 1989. The return shows that it was prepared by Econotax of Louisiana, Inc. on February 23, 1989. Petitioner did not obtain an extension of time for filing his return and offered no explanation as to why his return was filed late. OPINION 1. Deficiency
Petitioner deducted $ 5,695 as miscellaneous expenses for travel to and from New Orleans and travel incurred in seeking a new job. Under section 162(a) a taxpayer may deduct ordinary and necessary business expenses. When expenses relating to travel are involved, however, section 274(d) provides that the expenses are not deductible unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (A) the amount of such expense or other item, (B) the time and place of the travel * * *, [and] (C) the business purpose of the expense * * *
To meet the adequate records requirement the regulations provide that a taxpayer "shall maintain an account book, diary, statement of expense or similar record * * * and documentary evidence * * * which, in combination, are sufficient to establish *534 each element of an expenditure". Sec. 1.274-5(c)(2)(i), Income Tax Regs. The elements to be established with respect to each travel expense are the amount, time, place, and business purpose of the travel. Sec. 1.274-5(b)(2), Income Tax Regs. The substantiation requirements are designed to encourage taxpayers to maintain records, together with documentary evidence, substantiating each element of the expense sought to be deducted. Sec. 1.274-5(c)(1), Income Tax Regs.
In 1985 Congress added section 274(d)(4), which provides that no deduction shall be allowed with respect to "any listed property" as defined in section 280F(d)(4) unless the taxpayer complies with the substantiation requirements of section 274(d). A passenger automobile is property defined in section 280F(d)(4). Sec 280F(d)(4)(A)(i). To deduct expenses for local travel, therefore, a taxpayer must maintain the same type of records as for overnight travel. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Petitioner has no records to substantiate any of the disputed expenses. Even if petitioner's records were lost due to circumstances beyond his control, *535 [3] he has made no effort to reconstruct those records or to obtain any corroboration of his testimony. Compare sec. 1.274-5(c)(5), Income Tax Regs. In these circumstances, section 274 precludes any deduction for these expenses. *536 We turn next to the deductions claimed with respect to the business. If it were not for the written settlement agreement between the Michels and petitioner, we would dismiss petitioner's version of what transpired as apparitional. There are no other records to substantiate the events and/or the alleged expenditures. Indeed, even petitioner is equivocal concerning what assets were purchased and the cost of those assets. In this regard, while petitioner testified that he borrowed money against a life insurance policy to pay for some of the assets and paid for others by charging them on a credit card, he produced no records to corroborate either allegation. Nonetheless, within the smoke, there appears to have been some fire. It appears most likely that petitioner and Pavone entered into some type of an oral partnership agreement, with the partners equally sharing the profits and losses. See sec. 704. That partnership did become operational albeit fleetingly. [4] One of the problems, however, is that while the business was operational, we are not certain what the gross income was. In certain limited circumstances, not including areas covered by section 274, a court may make reasonable *537 approximations, if it is convinced that income was received and expenses incurred. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). We find that the business generated $ 1,000 in gross income, that the loss from operations, allowing for $ 2100 expended on supplies, was $ 1,100, and that petitioner's share of the loss was $ 550. [5] This seems reasonable. Cf. Cohan v. Commissioner, supra.
We turn next to the claim of the loss on the failure of the partnership. As we view this, petitioner purchased the business *538 from the Michels for $ 8,000 and transferred that business to the partnership. When the partnership failed, the partnership still had a chose in action against the Michels. If the partnership was dissolved, this claim was distributed to petitioner. If the partnership was not dissolved, the partnership still had the claim. In all events, with respect to this amount, by the end of 1988, the year before the Court, there was no recognizable loss under sections 165 (loss), 166 (bad debt), or 731 (loss on partnership distribution). With respect to the balance that petitioner claims that he contributed to the partnership, there is nothing in this record upon which we can find that such amounts were contributed to the partnership. We find it inconceivable that petitioner could have expended approximately $ 8,000 and have absolutely no records substantiating these alleged costs. We also find it peculiar that he would not have contacted the police after Pavone disappeared. 2. Additions to Tax
Section 6651(a)(1) provides in relevant part: (a) Addition to the Tax. -- In case of failure -- (1) to file any return * * * [required to be filed] on the date prescribed therefor *539 (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.
The regulations provide that "If the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time, then the delay is due to reasonable cause." Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect is a "conscious, intentional failure or reckless indifference." United States v. Boyle, 469 U.S. 241, 245 (1985). The questions whether the failure is due to "reasonable cause" and not "willful neglect" are questions of fact, and the taxpayer bears the burden of proof. Rule 142(a); Lee v. Commissioner, 227 F.2d 181, 184 (5th Cir 1955), affg. a Memorandum Opinion of this Court. Petitioner's *540 return was due to be filed on or before April 15, 1989. Sec. 6072(a). The return was not filed until August 10, 1989, 4 months after it was due. The return was prepared by an income tax return preparer on February 23, 1989, and petitioner offers no explanation for the failure to timely file the return. We sustain the addition to tax under section 6651(a). Section 6653(a)(1) provides that, if any part of an underpayment of tax is due to negligence or intentional disregard of the rules or regulations, an amount equal to 5 percent of the underpayment shall be added to the tax. Negligence is the failure to use due care or failure to do what a reasonable person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Negligence includes any failure to make a reasonable attempt to comply with the statutory provisions and "disregard" includes any "careless, reckless, or intentional disregard." Sec. 6653(a)(3). A taxpayer bears the burden of establishing that his or her conduct was not negligent. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). A taxpayer's failure to file a timely *541 return raises a prima facie case of negligence. Emmons v. Commissioner, 92 T.C. 342, 349 (1989), affd. 898 F.2d 50 (5th Cir 1990). As we have already noted with respect to section 6651(a), petitioner has failed to offer any evidence tending to rebut the prima facie case of negligence and that he used due care. We sustain respondent's determination with respect to the addition to tax under section 6653(a)(1). Section 6661(a) provides for an addition to tax if there is a "substantial understatement of income tax for any taxable year". An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return or $ 5,000. Sec. 6661(b)(1)(A). The amount of a understatement, however, shall be reduced if there is substantial authority for the position taken or if the facts are adequately disclosed on the return. Sec. 6661(b)(2)(B). Here the understatement is substantial, and petitioner has not shown that there was substantial authority for the positions he took on the return or that the facts were adequately disclosed. In sum, except for a partnership loss in the amount of $ 550, *542 we sustain respondent's determinations. To reflect the foregoing and respondent's concessions, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue. Rule References are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent conceded that petitioner is entitled to Schedule A deductions in the amounts of $ 377 for professional dues and $ 60 for tax return preparation fees.↩
3. Petitioner claims that he maintained records of his travels and the investment. He claims that at sometime after his tax return was filed, however, he received a letter from respondent's office in Austin, Texas, informing him that his return was under examination and requesting copies of his records. He called the office and told someone that he could not copy some of the records. He claims that he was told to send the originals, which he did. Petitioner did not have the letter or a copy of any transmission of his records to that office. Later he was contacted by respondent's office in Metairie, Louisiana, and he told that office that he had sent his records to Austin and that he had no records. We find it highly unlikely that none of petitioner's records could have been copied or that he would not have kept any record of the earlier communication with the Austin office. Furthermore, petitioner resided in Louisiana which is within the Memphis Service Center area where his return was filed. See Announcement 88-123, 1988-40 I.R.B. 19↩. It would have been unusual for the Austin Service Center to be engaged in examining petitioner's return.
4. Petitioner testified that the business operated for 2 to 3 weeks.↩
5. We recognize that petitioner may not have any control over the income. In United States v. Basye, 410 U.S. 441, 454 (1973), the Supreme Court noted that "no matter the reason for nondistribution[,] each partner must pay taxes on his distributive share." See also Gold v. Commissioner, T.C. Memo. 1983-711↩.