T.C. Memo. 1997-361

UNITED STATES TAX COURT

WILLIAM T. HOUGH AND NORMA HOUGH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12228-95.                    Filed August 6, 1997.

William T. Hough, pro se.

<u>Susan G. Lewis</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, <u>Judge</u>:  Respondent determined deficiencies in
petitioners' joint Federal income taxes and accuracy-related
penalties as follows:

| Year | Deficiency | Accuracy-Related Penalty Sec. 6662(a) |
|------|-----------|------------------|
| 1990 | $7,849 | $1,570 |
| 1991 | 9,613 | 1,923 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. References to petitioner are to William T. Hough.

The only issue for decision is whether for purposes of calculating petitioners' self-employment tax liabilities for 1990 and 1991 certain deposits and claimed partnership losses may be deducted on Schedule C of petitioners' joint Federal income tax returns.

FINDINGS OF FACT

Many of the facts have been stipulated and are so found. At the time the petition was filed, petitioners resided in Basking Ridge, New Jersey.

During the 1970's and part of the 1980's, petitioner practiced law through his professional law corporation (PC), and petitioner established through his PC a money purchase pension plan.

In 1975, petitioner received a favorable determination letter from respondent regarding the money purchase pension plan. Respondent's determination letter qualified the plan so that for

Federal income tax purposes contributions made to the plan would be deductible from the PC's gross income. Respondent's determination letter, however, indicated that with respect to the pension plan, due to anticipated legislation, the determination letter was only effective until the end of 1975.

During 1990 and 1991, petitioner no longer practiced law through his PC, rather petitioner practiced law as a sole proprietor.

In each of the years 1990 and 1991, petitioner deposited $30,000 into an account maintained in his name apparently at a stock brokerage company allegedly as a contribution to the above money purchase pension plan.

On their 1990 and 1991 joint Federal income tax returns, petitioners claimed Schedule C deductions with respect to each of the above $30,000 deposits into the stock brokerage account. These deposits were reflected on petitioners' joint income tax returns as deductible contributions to a qualified pension and profit sharing plan.

In amended joint Federal income tax returns for 1990 and 1991 and to reflect the percentage-of-gross-income limitation applicable to deductible pension plan contributions, petitioners reduced the amount of the claimed Schedule C deductions with respect to the above deposits into the stock brokerage account to $11,898 for 1990 and $22,339 for 1991.

On their 1990 and 1991 joint Federal income tax returns, petitioners also claimed loss carry-forward deductions in the respective amounts of $137,047 and $86,367 relating to an investment in a limited partnership.  The claimed $137,047 loss carry-forward deduction for 1990 was reflected on line 18 of petitioners' 1990 joint Federal income tax return as a partnership loss.  It was not reflected as a Schedule C business expense deduction.

The claimed $86,367 loss carry-forward deduction for 1991 relating to the investment in the limited partnership, however, was reflected on Schedule C of petitioners' 1991 joint Federal income tax return as a business expense deduction.

By claiming the alleged pension plan contributions for 1990 and 1991 and the claimed partnership loss for 1991 as deductions on Schedule C of petitioners' joint Federal income tax returns, petitioners' reported self-employment income was reduced, and no self-employment tax liability was reported as due on petitioners' 1990 and 1991 joint Federal income tax returns.

OPINION

Generally, taxpayers are required to pay employment taxes on net earnings from self-employment.  Sec. 1401(a).  Net earnings from self-employment are defined in section 1402(a) as gross income derived by self-employed individuals from any trade or business less certain enumerated expenses.  Contributions to

qualified or unqualified pension plans are not included among the enumerated expenses that may be deducted from net earnings from self-employment.

Also, section 1402(a)(13) specifically excludes from the calculation of net earnings from self-employment a limited partner's distributive share of income or loss from a partnership.

Petitioners' theory for claiming Schedule C deductions with respect to the deposits into petitioner's stock brokerage account is not entirely clear. Petitioners apparently argue that in 1990 and 1991 petitioner's $30,000 deposits into petitioner's stock brokerage account (subject to the percentage limitations reflected in petitioners' amended joint income tax returns) represented deductible Schedule C payments to petitioner's PC. Petitioners' theory for claiming a Schedule C deduction on their 1991 joint Federal income tax return with respect to the claimed partnership loss is incomprehensible.

Respondent, among other things, argues that petitioner's deposits in 1990 and 1991 into the stock brokerage account and the claimed partnership loss for 1991 should be reflected, if anywhere, not as deductions on Schedule C but respectively on lines 17 and 18 of petitioners' joint Federal income tax returns (Forms 1040) where they would not reduce petitioners' self-employment income.

We agree with respondent as to both items. In 1990 and 1991, petitioner practiced law as a sole proprietor. Earnings from petitioner's law practice therefore constituted earnings from self-employment, and any contributions into petitioner's pension plan would not be deductible on Schedule C of petitioners' joint Federal income tax returns. No authority exists for claiming the partnership loss for 1991 on Schedule C of petitioners' 1991 joint Federal income tax return.

Negligence includes the failure to make a reasonable attempt to comply with provisions of the Code and regulations or the failure to exercise ordinary and reasonable care in preparation and filing of a Federal income tax return. Sec. 6662(c). Negligence has been defined as the failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Emmons v. Commissioner, 92 T.C. 342, 349 (1989), affd. 898 F.2d 50 (5th Cir. 1990); Neely v. Commissioner, 85 T.C. 934, 947 (1985).

Petitioners have offered no credible evidence that there was a reasonable cause for erroneously claiming the deductions in issue. Sec. 6664(c)(1). Petitioners are liable for the negligence penalties.

To reflect the foregoing,

Decision will be entered

for respondent.