**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1441
_____

ROBERT CASH; GLADYS CASH,
                                        Appellants

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:15-cv-02439)
District Judge: Honorable John E. Jones, III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 8, 2018
Before:  JORDAN, RESTREPO and SCIRICA, Circuit Judges

(Opinion filed: February 9, 2018)
_____

OPINION*
_____

PER CURIAM

    Robert and Gladys Cash filed a complaint against the United States seeking to

recover the "shared responsibility payment (SRP)" of $575, which had been deducted

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

from their 2014 income tax refund pursuant to the Patient Protection and Affordable Care Act (ACA)[1], and challenging the constitutionality of the individual mandate provision of the ACA, under which the SRP was assessed. The District Court dismissed the complaint for lack of subject matter jurisdiction, and this appeal ensued. For the following reasons, we will vacate the judgment and remand for further proceedings.

The ACA requires individuals who do not maintain qualifying health insurance, and do not qualify for a coverage exemption, to make an SRP, which the Act describes as a "penalty," when filing their federal income tax return. See 26 U.S.C. § 5000A(b)(1), (b)(2), (c). In April 2015, the Cashes filed a year 2014 Form 1040 tax return, on which they reported a $575 SRP because they had not maintained minimum essential health coverage for the year 2014, the first year that the individual mandate became enforceable. The Cashes received a tax refund on May 15, 2015, for $2,525, which had been offset by $575, to satisfy their SRP liability. On May 18, 2015, the Cashes filed a Form 843, "Claim for Refund and Request for Abatement," with the Internal Revenue Service (IRS), requesting a refund of $575 for the SRP, and raising various constitutional objections to the assessment. Over the next few months, the IRS sent two form-letter responses stating that additional time was needed to determine what action would be taken on the Cashes' account. Then, in September 2015, the IRS sent a letter stating that the Cashes would

---

[1] Pub. L. No. 111–148, 124 Stat. 119 (2010), as amended by the Health Care and Education Reconciliation Act, Pub. L. No. 111–152, 124 Stat. 1029 (2010) (collectively "ACA"). The Tax Cuts and Jobs Act of 2017, Pub. L. No. 115-97, amended the Internal Revenue Code ("the Code"), of which the ACA is a part, to eliminate the shared responsibility payment provision.

need to file an amended return on Form 1040X in order to "change any information on your original tax return." Instead of filing a Form 1040X, the Cashes filed suit in the District Court in December 2015, more than six months after their initial refund request.

The Government moved to dismiss the complaint for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), and for failure to state a claim for relief, Fed. R. Civ. P. 12(b)(6). The Cashes opposed that motion, and moved for summary judgment. The matter was referred to a Magistrate Judge, who filed a report recommending that the complaint be dismissed for lack of jurisdiction. In particular, the Magistrate Judge concluded that the Cashes had failed to exhaust their administrative remedies, which is a prerequisite to a waiver of sovereign immunity in certain taxpayer suits, because they had filed their refund claim using an improper form. According to the report, the Cashes should have filed a Form 1040X amended return, instead of a Form 843 claim for refund. The District Court adopted the Magistrate Judge's report in its entirety over the Cashes' objections, dismissed their complaint, and denied their summary judgment motion as moot.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's Rule 12(b)(1) dismissal. See Landsman & Funk PC v. Skinder-Strauss Assocs., 640 F.3d 72, 75 (3d Cir. 2011). As the Rule 12(b)(1) motion was treated as a facial challenge to the District Court's subject matter jurisdiction, we consider whether the allegations in the complaint and in any documents referenced therein and attached thereto, taken as true, are sufficient to invoke the District Court's

3

jurisdiction.  See Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000);

Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006).

The United States has waived its sovereign immunity against suits for refunds of

taxes or penalties "erroneously or illegally assessed or collected" by the IRS.  28 U.S.C.

§ 1346(a)(1).  That waiver is conditional: the taxpayer must pay the disputed tax or

penalty, and "duly file[]" an administrative claim with the IRS prior to filing suit.  26

U.S.C. § 7422(a)[2]; see also United States v. Clintwood Elkhorn Mining Co., 553 U.S. 1,

4, 7-8 (2008).  The Code further provides that the taxpayer must wait six months to

initiate a suit for refund, unless the IRS decides the administrative claim earlier.  26

U.S.C. § 6532(a).

The parties agree that the Cashes' suit falls within the scope of § 7422(a), but

dispute whether the administrative claim was "duly filed."  The relevant Treasury

regulation requires that individuals must use the correct form to properly file a refund

claim:

> (c) Form for filing claim.  If a particular form is prescribed on which the
> claim must be made, then the claim must be made on the form so

---

[2] In particular, the statute states:

> No suit or proceeding shall be maintained in any court for the recovery of
> any internal revenue tax alleged to have been erroneously or illegally
> assessed or collected, or of any penalty claimed to have been collected
> without authority, or of any sum alleged to have been excessive or in any
> manner wrongfully collected, until a claim for refund or credit has been
> duly filed with the Secretary, according to the provisions of law in that
> regard, and the regulations of the Secretary established in pursuance
> thereof.

§ 7422(a).

4

prescribed.  For special rules applicable to refunds of *income taxes*, see § 301.6402-3.  For provisions relating to credits and refunds of taxes other than income tax, see the regulations relating to the particular tax.  All claims by taxpayers for the refund of taxes, interest, *penalties*, and additions to tax that are not otherwise provided for must be made on Form 843, "Claim for Refund and Request for Abatement."

26 C.F.R. § 301.6402-2(c) (emphasis added).  Section 301.6402-3(a) provides special rules that "apply to a claim for credit or refund of income tax[.]"  Those rules indicate that, "[i]n the case of an overpayment of income taxes for a taxable year of an individual for which a Form 1040 or 1040A has been filed, a claim for refund shall be made on Form 1040X ('Amended U.S. Individual Income Tax Return')."  26 C.F.R. § 301.6402-3(a)(2).  The Cashes argue that the District Court erred in concluding that these "special rules" applied to their claim; they maintain that the SRP was not a tax, but rather a penalty, for which Form 843 was the proper form for seeking a refund.

For support, the Cashes rely on the Supreme Court's decision in Nat'l Fed. of Indep. Bus. v. Sebelius, 567 U.S. 519, 564 (2012), which held that the SRP was "a 'penalty' for purposes of the Anti-Injunction Act."  The Government notes that the Court in NFIB did not hold that the payment was a penalty for all purposes, as it recognized that the payment could be considered a tax for "constitutional purposes."  Id. at 566.  The Court took a "functional approach" in reaching this latter conclusion, upholding the individual mandate as a valid exercise of Congress' taxing power.  Id. at 565-70, 574 ("it is only because we have a duty to construe a statute to save it, if fairly possible, that [the SRP] can be interpreted as a tax").  But the Court in NFIB emphasized that Congress distinguishes between "taxes" and "penalties" throughout the Code, choosing to refer to

5

the SRP as a "penalty," and that it "is generally presumed that Congress acts intentionally" in making such distinctions.  Id. at 544 ("Congress's decision to label this exaction a 'penalty' rather than a 'tax' is significant because the Affordable Care Act describes many other exactions it creates as 'taxes.'").  For example, the ACA commands that the SRP be "assessed and collected in the same manner" as taxes.  26 U.S.C. § 5000A(g).  As the Supreme Court observed, this directive would make little sense if the penalty were itself a tax under the Code.  NFIB, 567 U.S. at 546.  Thus, even if the SRP "may reasonably be characterized as a tax" for constitutional purposes, id. at 546, for statutory purposes, it is treated as a "penalty;" individuals should be able to rely on the clear and unequivocal text of the Code, and the corresponding regulations,[3] when dealing with the tax refund process, and not have to intuit that the word "penalty" is merely a label for what may be functionally a tax.

The District Court agreed with the Government that whether the SRP was a penalty or a tax was irrelevant in determining the proper form to be used under the regulations for seeking a refund.  The Court held that the "relevant inquiry is not on what legal basis the plaintiff believes he is owed the refund, but rather what action the IRS has taken, rightly or wrongly, that the plaintiff is challenging in his refund claim."  R&R at 9

---

[3] We discern no basis for the reference to a "penalty" in the Code to have a different meaning in the regulations or on the forms, nor do we see how it could.  See Water Quality Ass'n Emps.' Benefit Corp. v. United States, 795 F.2d 1303, 1309 (7th Cir. 1986) (a statute cannot be amended or altered by an agency regulation); see generally Hotel Equities Corp. v. C. I. R., 546 F.2d 725, 728 (7th Cir. 1976) ("there is a natural presumption that identical words used in different parts of the same act are intended to have the same meaning").

(quoting Pennoni v. United States, 86 Fed. Cl. 351, 364 (2009)). In Pennoni, the Government had issued an erroneous refund, and then levied the plaintiff's wages and bank account to collect on the perceived tax liability. The plaintiff had argued that he was not required to use Form 1040X to exhaust his refund claim because "it was a non-tax debt," and, therefore, he had no tax liability. The Court rejected this argument, noting that the plaintiff's basis for seeking the refund was immaterial, and emphasizing that the focus instead should be on the government's actions: "Here, the IRS, rightly or wrongly, used its tax collection powers to levy the plaintiff's bank accounts and garnish his wages to recoup what the IRS asserted were 'overdue taxes[.]'" Id.

Applying Pennoni, the District Court concluded that the Cashes were seeking "a refund of income taxes withheld from their payroll and paid over to the IRS," and that Form 843 "was simply not the appropriate form on which to initiate a formal income tax refund claim." R&R at 9-10. We disagree. Although the mechanism used to collect the $575 was the Cashes' tax return, and the amount was offset against their income tax refund, the payment was remitted to the Government as a "penalty" under 26 U.S.C. § 5000A(b). The action that the Cashes challenged in their refund claim was the assessment of this "penalty," not the withholding of income taxes. Under the clear language of the regulations, Form 843 is the proper form to be used when seeking the refund of penalties not otherwise provided for, whether "rightly or wrongly" assessed.

Contrary to the Government's argument, consideration of Form 1040X and its instructions supports the conclusion that it was not the proper form for the Cashes to use to exhaust their administrative remedies. Form 1040X is used to amend a previous

7

income tax return.  See United States v. Jirak, 728 F.3d 806, 808 n.2 (8th Cir. 2013).

Four months after the Cashes filed their administrative refund claim using Form 843, it was returned to them with instructions to use the 1040X form "to change any information on your original tax return."  The Government emphasizes on appeal that Line 9 of Form 1040X allows for the correction of the SRP.  But it is clear from the information that the Cashes provided on Form 843, that they were not seeking to change any information on their 2014 1040 Form.  They self-assessed the $575 SRP on their 2014 filing in accordance with § 5000A, and signed the tax form under penalty of perjury; they did not dispute the amount required pursuant to the Code, but rather challenged the Government's authority to assess it.  Furthermore, the instructions for Form 1040X clearly state "Do not file Form 1040X if you are requesting a refund of penalties."

Based on the foregoing, the District Court erred in concluding that it lacked subject matter jurisdiction on the basis that the Cashes used the wrong form to exhaust their administrative remedies.[4]  We will therefore vacate the District Court's judgment and remand for further proceedings consistent with this opinion.

---

[4] We leave it to the District Court to consider, in the first instance, whether the Cashes' administrative claim was otherwise "duly filed."