PACE OIL COMPANY, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7840–78.     Filed November 5, 1979.

---

*Wright Tisdale, Jr.*, for the petitioner.
*Carolyn A. Boyer*, for the respondent.

## OPINION

DAWSON, *Judge:* This motion was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr., pursuant to section 7456(c), Internal Revenue Code. The Court agrees with and adopts his opinion which is set forth below.[1]

### OPINION OF THE SPECIAL TRIAL JUDGE

GILBERT, *Special Trial Judge:* This case is before the Court on the petitioner's motion for summary judgment, under Rule 121, Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $316,427.13 in petitioner's Federal income tax for its taxable year ended July 31, 1974. Petitioner filed a timely petition seeking a review of that determination and alleging, in essence, that the adjustments proposed by respondent in the statutory notice of deficiency were without factual foundation. Subsequently, petitioner amended its petition to allege, also, that respondent had failed to issue the notice of deficiency within the 3-year period prescribed by section 6501, Internal Revenue Code.[2] This is the allegation upon which petitioner bases its motion for summary judgment.

Whether the statutory notice was timely depends upon the further question whether section 7502(a) applies where a tax return is delivered by mail to the proper office of the Commissioner of Internal Revenue (Commissioner) prior to the expiration of an extended period for filing granted pursuant to section

---

[1]Since this is a pretrial motion and there are no issues of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in this particular circumstance, under the authority of the "otherwise provided" language of that rule.

[2]All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

6081, so that the date of mailing is to be deemed the date of delivery.

Petitioner's income tax return for its taxable year ended July 31, 1974, was due initially on October 15, 1974. However, under requests for extensions of time for filing, granted by the respondent, it was required to be filed on or before April 15, 1975. On April 7, 1975, petitioner mailed its return in an envelope, postage prepaid, properly addressed to the office with which the return was required to be filed. Respondent received the return on April 9, 1975. On April 10, 1978, respondent mailed a statutory notice of deficiency to petitioner for the year in question.

Section 6501(a) provides that, except as otherwise provided, any tax "shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed)." As used in this section, the term "filed" means "delivered." *Hotel Equities Corp. v. Commissioner,* 65 T.C. 528 (1975), affd. 546 F.2d 725 (7th Cir. 1976).

Section 7502 provides in pertinent part as follows:

(a) GENERAL RULE.—

(1) DATE OF DELIVERY.—If any return, * * * required to be filed, * * * within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return * * * is required to be filed, * * * the date of the United States postmark stamped on the cover in which such return * * * is mailed shall be deemed to be the date of delivery * * *

(2) MAILING REQUIREMENTS.—This subsection shall apply only if—

(A) the postmark date falls within the prescribed period or on or before the prescribed date—

(i) for the filing (including any extension granted for such filing) of the return * * *

* * * and

(B) the return * * * was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, officer, or office with which the return * * * is required to be filed * * * [3]

Under this section, if applicable, the deemed delivery date referred to in paragraph (1) is the filing date for purposes of

---

[3]For convenience, we refer only to tax returns in our discussion of sec. 7502(a). We note, however, that it also applies to other documents required to be filed, or payments required to be made, under any provision of the internal revenue laws.

determining when the statute of limitations for asserting a deficiency expires. *Hotel Equities Corp. v. Commissioner, supra.*

It is the petitioner's position that section 7502(a) applies to the factual situation herein and that, under this section, the filing date of the tax return in question is the date that it was mailed, April 7, 1975. For that reason, petitioner asserts that respondent's notice of deficiency was not timely, being sent after the statutory period for assessment had expired. Respondent's position, however, is that section 7502(a) is not applicable here. He asserts that the return at issue was filed on the date of its receipt, April 9, 1975, and that, therefore, the deficiency notice was timely when issued on April 10, 1978.[4]

There is no question that petitioner mailed its tax return "within the prescribed period or on or before the prescribed date * * * for the filing (including any extension granted for such filing) of the return" and that the other requirements of paragraph (2) of section 7502(a) were met. However, respondent asserts that, since the return was delivered 6 days prior to the date that it was actually due, petitioner did not meet the requirement of paragraph (1), that the return be delivered after the period or date for filing prescribed "under authority of any provision of the internal revenue laws."

In support of its position, petitioner points out that, while paragraph (2) of section 7502(a) makes specific reference to extensions of time for filing in setting out the period within which a return must be mailed, paragraph (1) of that subsection makes no such reference in stating the period outside of which a return must be delivered in order for the provisions of the section to be effective. Petitioner argues that, therefore, the "prescribed period" or "prescribed date" referred to in section 7502(a)(1) is the initial period or date for filing prescribed specifically by section 6072(b) (in this case, October 15, 1974)[5] and not the period or date prescribed by the Commissioner in an extension of time for filing granted under authority of section

---

[4]Apr. 9, 1978, was a Sunday. Petitioner concedes that, if the filing date of its return is determined to be Apr. 9, 1975, then the notice of deficiency was timely when issued, by virtue of sec. 7503.

[5]Petitioner filed its 1974 income tax return on the basis of a fiscal year which ended July 31, 1974. Sec. 6072(b) provides that "returns made on the basis of a fiscal year shall be filed on or before the 15th day of the third month following the close of the fiscal year."

6081.[6] In essence, then, petitioner contends that, so long as a tax return is mailed during an extended period for filing, it will meet the requirements of section 7502(a)(1), regardless of whether the return is received by the Commissioner before or after the extended due date for filing, because, in all such cases, it will be received by him after the initial due date.

Clearly, if the petitioner's interpretation were correct, section 7502(a) would apply here. So construed, that section would also, as petitioner contends that it was intended to, establish a general rule that any return mailed during an extended period for filing is deemed to be delivered on the date of its mailing. We, however, do not agree that such a rule is within the scope of section 7502(a).

If the Congress had intended to enact any such rule as that for which petitioner contends, it could not have been more indirect in doing so. On its face, section 7502(a) evidences the express purpose that the date of mailing of a return be deemed to be the date of its delivery only where it would otherwise be considered as *untimely* filed. There is no indication that this rule is to apply to returns that are timely without regard to section 7502(a), *i.e.*, returns that are delivered prior to the expiration of an extended period for filing.

The only basis for petitioner's argument is the difference in phraseology used in paragraphs (1) and (2) of section 7502(a) in describing the prescribed period or prescribed date for filing. However, we are not persuaded that the specific reference to extension periods in paragraph (2) diminishes the breadth of the language used by Congress to describe the filing period in paragraph (1). It seems clear that the phrase "within a prescribed period or on or before a prescribed date [for filing] under authority of any provision of the internal revenue laws" used in paragraph (1) is sufficiently broad to include a period or date for

---

[6]Sec. 6081 provides as follows:

SEC. 6081. EXTENSION OF TIME FOR FILING RETURNS.

(a) GENERAL RULE.—The Secretary may grant a reasonable extension of time for filing any return, declaration, statement, or other document required by this title or by regulations. Except in the case of taxpayers who are abroad, no such extension shall be for more than 6 months.

(b) AUTOMATIC EXTENSION FOR CORPORATION INCOME TAX RETURNS.—An extension of 3 months for the filing of the return of income taxes imposed by subtitle A shall be allowed any corporation if, in such manner and at such time as the Secretary may by regulations prescribe, there is filed on behalf of such corporation the form prescribed by the Secretary, and if such corporation pays, on or before the date prescribed for payment of the tax, the amount properly estimated as its tax or the first installment thereof required under section 6152; but this extension may be terminated at any time by the Secretary by mailing to the taxpayer notice of such termination at least 10 days prior to the date for termination fixed in such notice.

filing prescribed by the Commissioner under authority of section 6081. The words "any provision of the internal revenue laws" must surely be intended to embrace something more than the section of the Internal Revenue Code that prescribes the initial filing date, section 6072.

Any doubt regarding the proper construction of section 7502(a) is removed by reference to its legislative history. The section was enacted as a new provision in the Internal Revenue Code of 1954 and, as originally enacted, did not apply to tax returns. The provision was explained in the report of the Senate Committee on Finance, S. Rept. 1622, to accompany H.R. 8300 (Pub. L. 591), 83d Cong., 2d Sess. 615 (1954), as follows:

The section applies in the case where documents * * * are mailed to the proper office within the time prescribed by the internal-revenue laws * * * and are received by that office after such time has expired. In such case the document is *deemed timely* filed. [Emphasis added.]

Clearly, the section was not intended to establish a filing date for documents otherwise filed on time. It also seems clear that Congress, in explaining the conditions prerequisite to the application of section 7502(a), considered the date by which a document is to be mailed to the same as the date after which it is required to be delivered.

Section 7502(a) was not made applicable to tax returns initially, because it was believed that this would result in unforeseen difficulties in administration. See S. Rept. 1625, 89th Cong., 2d Sess. (1966), 1966–2 C.B. 803, 809. However, in 1966, its provisions were extended to tax returns. Congress was in the process of changing the law to require that returns filed by mail be sent to regional service centers rather than to the Offices of District Directors of Internal Revenue, as had been the practice prior to 1966. There was a concern that this change would require taxpayers who did not live near service centers to mail their returns at a date such earlier than the due date, in order to have a timely filed return. Therefore, section 7502 was extended to include tax returns mailed on or before the due date. Such returns were to be "considered as filed on * * * time even though received after the due date." S. Rept. 1622, *supra*, 1966–2 C.B. at 804, 809.

There is nothing in the legislative history of section 7502 to indicate any intention that a return delivered on time, without regard to that section, should be considered as having been

delivered on the date of mailing, rather than the date of actual delivery. Similarly, there is nothing in its legislative history to support petitioner's assertion that it was enacted in order that all taxpayers mailing returns during an extended period for filing would know that the date of mailing is the date of filing and, thus, the date from which the statute of limitations on assessment begins to run. Accordingly, there is no reason to believe that the broad language used to describe the filing period in subsection 7502(a)(1) does not include extensions of time for filing.

It is our conclusion that section 7502(a) does not apply to a tax return unless it is untimely filed, but for the provisions of that section. Its purpose is to have returns treated as being filed on time when they would not, otherwise, be so treated, not to create a new starting point for the statute of limitations for returns that are timely filed without reference to this section.

Here, the petitioner's return was due on or before April 15, 1975, and was in fact received by the Commissioner prior to that date. It is clear that this return was timely filed without regard to the provisions of section 7502(a). Therefore, we hold that the petitioner's tax return was filed on the date of its delivery to the Commissioner, April 9, 1975, and that the notice of deficiency issued by him on April 10, 1978, was timely.

Accordingly, petitioner's motion for summary judgment will be denied.

*An appropriate order will be entered.*