WILLIAM C. and THERESE M. BRIGGS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Briggs v. Commissioner
Docket No. 38310-86.
United States Tax Court
T.C. Memo 1988-130; 1988 Tax Ct. Memo LEXIS 158; 55 T.C.M. (CCH) 487; T.C.M. (RIA) 88130; March 28, 1988. Jeffrey P. Berg, Michael R. Matthias, and Robert D. Bergman, for the petitioners. Stephen M. Miller, for the respondent. SWEET MEMORANDUM OPINION SWIFT, Judge: This matter is before the Court on petitioners' motion to dismiss for *159 lack of jurisdiction which we will treat as a motion for summary judgment. [1] We must decide whether respondent timely issued his notice of deficiency for 1982 in accordance with section 6501(a). [2] Petitioners resided in Cleveland, Ohio at the time their petition was filed. Petitioners' joint Federal income tax return for 1982 was due on April 15, 1983, and on that date petitioners filed with respondent a request for an automatic 4-month extension of time to file their return. Respondent granted that request and extended the time for petitioners to file their 1982 joint Federal income tax return to August 15, 1983. Petitioners mailed their 1982 joint Federal income tax return to respondent on June 23, 1983. Respondent received the return on June 27, 1983. Respondent mailed *160 the notice of deficiency for 1982 to petitioners on June 25, 1986, more than three years from the mailing of the return but within three years of the receipt by respondent of the return. In the notice of deficiency, respondent determined a deficiency in petitioners' Federal income tax in the amount of $ 9,372 and an addition to tax in the amount of $ 2,800.50 under section 6659(a). Petitioners timely filed a petition with this Court on September 23, 1986. On December 14, 1987, petitioners filed the instant motion for summary judgment on the ground that respondent did not timely mail the notice of deficiency for 1982. Respondent filed his objection to the motion for summary judgment on January 7, 1988. Under the general statute of limitations provided in section 6501(a), the Commissioner must assess the amount of a tax deficiency within three years after the taxpayer "files" his or her Federal income tax return. The mailing of a notice of deficiency, however, within the three-year assessment period suspends the running of the statute of limitations on assessment for the duration of any Tax Court litigation timely filed with respect to the notice of deficiency and until 60 days *161 after the litigation becomes final. Sec. 6503(a)(1). Failure of the Commissioner to timely mail a notice of deficiency to a taxpayer would bar the assessment of such determined deficiency. Accordingly, the issue raised in petitioners' motion is whether the mailing date (viz, June 23, 1983) or the receipt date (viz, June 27, 1983) is to be regarded as the date of filing petitioners' 1982 joint Federal income tax return. If the former date controls, the notice of deficiency was untimely mailed to petitioners on June 25, 1986, three years and two days after the return was filed. If the latter date controls, the notice of deficiency was timely mailed to petitioners on June 25, 1986, two days before the statute of limitations otherwise would have expired. A Federal income tax return that is filed before the last day prescribed for the filing thereof, without considering any extension of time for filing, is considered to be filed as of the due date prescribed in the Code and regulations. Sec. 6501(b); sec. 301.6501(b)-1(a), Proced. & Admin. Regs. Where an extension of time for filing the return is granted, a Federal income tax return that is filed prior to he extended due date *162 is considered filed as of the date it actually is received by respondent. First Charter Financial Corp. v. United States,669 F.2d 1342, 1346-1347 (9th Cir. 1982); Pace Oil Co. v. Commissioner,73 T.C. 249, 255 (1979). Only where a return is mailed before the due date (including extensions thereof) and received by respondent after the extended due date, and thus untimely filed, is the return treated as having been filed on the date on which it was mailed and thus considered timely. Sec. 7502(a); [3]Miller v. United States,784 F.2d 728, 730 (6th Cir. 1986); Pace Oil Co. v. Commissioner, supra at 254-255; That rule does not apply to this case because petitioners' return was mailed and received prior to the extended due date of August 15, 1983. Petitioners' return therefore is to be treated as filed on June 27, 1983. Accordingly, respondent's notice of deficiency was issued timely. Petitioners' motion for summary judgment will be denied. *163 An appropriate order will be entered.
Footnotes
1. See generally Rule 39, Tax Court Rules of Practice and Procedure; United Business Corp. of America v. Commissioner,19 B.T.A. 809, 831-832 (1930), affd. 62 F.2d 754 (2d Cir. 1933), cert. denied 290 U.S. 635↩ (1933). 2. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as in effect during the year in issue. ↩
3. Sec. 7502, in relevant part, provides: Sec. 7502. TIMELY MAILING TREATED AS TIMELY FILING AND PAYING. (a) General Rule. -- (1) Date of delivery. -- If any return, claim, statement, or other document required to be filed,, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period of such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be. (2) Mailing requirements. -- This subsection shall apply only if -- (A) the postmark date falls within the prescribed period or on or before the prescribed date-- (i) for the filing (including any extension granted for such filing) of the return, claim, statement, or other document, or (ii) for making the payment (including any extension granted for making such payment), and (B) the return, claim, statement, or other document, or payment was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, officer, or office with which the return, claim, statement, or other document is required to be filed, or to which such payment is required to be made. ↩