ROBERT DON HATHAWAY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hathaway v. Commissioner
Docket No. 9468-91
United States Tax Court
T.C. Memo 1993-487; 1993 Tax Ct. Memo LEXIS 498; 66 T.C.M. (CCH) 1101; 1993 T.C. No. 487; October 21, 1993, Filed *498 Decision will be entered for respondent. Robert Don Hathaway, pro se. For respondent: Brently W. Free. CLAPP
CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined a deficiency of $ 21,373 in petitioner's 1987 income tax and additions to tax under section 6653(a)(1)(A) in the amount of $ 1,068.65, under section 6651(a) in the amount of $ 2,855.50, and under section 6653(a)(1)(B) in the amount of 50 percent of the interest payable on the underpayment due to negligence. All section references are to the Internal Revenue Code in effect for the year at issue. After concessions, the parties agree that petitioner had a tax liability of $ 1,849 and withholding credits of $ 9,951, resulting in an overpayment of $ 8,102 for the 1987 taxable year. The sole issue remaining for decision is whether petitioner is barred by the time limitations under sections 6511 and 6512 from obtaining a refund of the overpayment of his 1987 Federal income tax. We hold that he is. FINDINGS OF FACT We incorporate by reference the stipulation of facts and attached exhibits. At the time of the filing of the petition, petitioner was a resident of Houston, Texas. Petitioner was *499 granted extensions until October 15, 1988, to file his 1987 income tax return. Respondent has no record of receiving petitioner's 1987 return in 1988. On November 2, 1990, petitioner was called to active duty status with the United States Navy during the Persian Gulf war. He returned from active duty on December 8 of that year, but was recalled on January 28, 1991 and served until July 3, 1991. On January 21, 1991, President Bush signed Executive Order 12,744, designating the Persian Gulf area as a combat zone for the purposes of section 7508, which suspends the time limitations for certain tax-related activities. During some of the time petitioner was on active duty, he was in areas designated by Executive Order 12,744 as a combat zone. On February 14, 1991, while petitioner was on active duty, respondent issued a notice of deficiency. The Austin Service Center received a 1987 tax return from petitioner on April 19, 1991. The return showed a refund due of $ 81. In October 1991, petitioner submitted a Form 1040X, Amended Individual Income Tax Return, for the taxable year 1987 showing an overpayment of $ 8,362. OPINION Petitioner contends that he filed his 1987 Federal income *500 tax return by the October 15, 1988, extended due date and that the Austin Service Center lost it. Respondent's position is that petitioner's 1987 return was not received until April 19, 1991. A return is deemed "filed" when it is physically delivered to that office of respondent where the return is due to be filed. Hotel Equities Corp. v. Commissioner, 546 F.2d 725 (7th Cir. 1976), affg. 65 T.C. 528 (1975); Phinney v. Bank of the Southwest Natl. Association, 335 F.2d 266 (5th Cir. 1964); Pace Oil Co. v. Commissioner, 73 T.C. 249 (1979). Section 7502(c) provides that if a return is sent by U.S. registered or certified mail, the registration or certification is prima facie evidence that the return was delivered to the IRS office to which addressed. If a petitioner does not mail a return by registered or certified mail, the petitioner bears the risk of nondelivery of the return to the respondent. Walden v. Commissioner, 90 T.C. 947, 952 (1988). Petitioner was unable to produce a copy of the return and did not present any evidence *501 showing the mailing or delivery of a timely return. Accordingly, we hold that petitioner did not file a return for 1987 until April 19, 1991. Under section 6512(b)(1), this Court has jurisdiction to determine the existence and amount of any overpayment of tax to be credited or refunded to a taxpayer. Allen v. Commissioner, 99 T.C. 475, 476-477 (1992); Galuska v. Commissioner,     F.3d     (7th Cir., Sept. 9, 1993), affg. 98 T.C. 661 (1992). Section 6512(b)(3) limits the amount of any such allowable credit or refund based on the time of payment of the tax. Section 6512(b)(3) provides that no amount shall be credited or refunded unless this Court determines that the amount was paid by the taxpayer at or during one of the three time periods specified in subparagraphs (A), (B), or (C) of section 6512(b)(3). Section 6512(b)(3) provides: (3) Limit on amount of credit or refund. -- No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid -- (A) after the mailing of the notice of deficiency, (B) within the *502 period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, or (C) within the period which would be applicable under section 6511(b)(2), (c), or (d), in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency -- (i) which had not been disallowed before that date, (ii) which had been disallowed before that date and in respect of which a timely suit for refund could have been commenced as of that date, or (iii) in respect of which a suit for refund had been commenced before that date and within the period specified in section 6532.
Because petitioner neither made a payment of taxes after the notice of deficiency was mailed, nor filed a claim for refund within the periods specified in section 6511 and before the date of the mailing of the notice of deficiency, the time period stated in subparagraph (B) is the only one in section 6512(b)(3) that is applicable to this case. Consequently, *503 petitioner must show that the tax was paid within the periods applicable under section 6511(b)(2), (c), or (d). Subsections (c) and (d) impose rules for special situations and are inapplicable here. Section 6511(a) provides that a claim for credit or refund of an overpayment of tax must be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever period expires later. Section 6511(a) also provides that, if no return was filed, the claim must be filed within 2 years from the time the tax was paid. Section 6511(b)(2) limits the amount of any credit or refund. Section 6511(b)(2) contains what are commonly referred to as "look-back" rules and provides in relevant part: (A) Limit where claim filed within 3-year period. -- If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. * * * (B) Limit where claim not filed within 3-year period. -- If the claim *504 was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.
This Court has consistently held that where the taxpayer failed to file a tax return prior to the time the notice of deficiency was mailed, the 2-year look-back period of subparagraph (B) of section 6511(b)(2) rather than the 3-year look-back period of subparagraph (A) of that section is applicable. Patronik-Holder v. Commissioner, 100 T.C.    ,     (1993); Allen v. Commissioner, supra at 479; Galuska v. Commissioner, 98 T.C. at 666; Berry v. Commissioner, 97 T.C. 339, 344 (1991). This rule applies regardless of whether a claim for credit or refund is filed subsequent to the date the notice of deficiency is mailed. See Allen v. Commissioner, supra; Berry v. Commissioner, supra; Rossman v. Commissioner, T.C. Memo. 1993-351; Sumiel v. Commissioner, T.C. Memo. 1993-104. *505 Section 6511(b)(2)(B) provides that where a return has not been filed, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim. Berry v. Commissioner, supra at 345. A taxpayer is deemed to have filed a claim for a credit or refund on the date the notice of deficiency is mailed. Sec. 6512(b)(3)(B); Allen v. Commissioner, supra at 477. The notice of deficiency in this case was dated February 14, 1991. [1] Consequently, under the 2-year look-back rule of section 6511(b)(2)(B), petitioner is entitled to recover only that portion of the tax paid on or after February 14, 1989. Pursuant to section 6513(b)(1), petitioner is deemed to have paid his withheld taxes for the 1987 tax year on April 15, 1988, more than 2 years prior to the date on which the claim was deemed to have been filed. Accordingly, we find that the credit or refund of any overpayment is barred. *506 Petitioner, who appeared pro se, raised the issue of the socalled "Gulf War Moratorium" as a basis for permitting the refund that would otherwise be barred. At first impression, it would appear that petitioner could gain some comfort from section 7508. However, after analyzing the portions of that section which might be helpful to petitioner, we are unable to find language which would support the refund of his overpayment. Section 7508 provides that petitioner's period of service in a combat zone and the next 180 days thereafter shall be disregarded in determining whether any of a list of acts were performed within the time prescribed therefor. Section 7508 does not prohibit the performance of any of those acts; rather, it allows more time for their performance. We have considered whether the suspension of time limitations provided by section 7508 had any effect on the notice of deficiency, but concluded that the notice was timely, and nothing in section 7508 prohibited respondent from issuing it. Furthermore, section 7508 does not affect the fact that the notice constituted a deemed claim for credit or refund by petitioner. Similarly, section 7508 does not alter the fact *507 that petitioner filed his 1987 tax return on April 19, 1991, approximately 3 years late. The return was late before the Gulf War started, and there is nothing in section 7508 that can make it timely. Consequently, petitioner did not file a tax return or claim for refund prior to the notice of deficiency. It follows that the 2-year look-back period of section 6511(b)(2)(B) is applicable. That period ended on February 14, 1989, almost 1 year after petitioner's taxes for 1987 were "paid" on April 15, 1988. Section 7508 neither extends the 2-year look-back period nor operates to treat petitioner's filing of his 1987 tax return as if it had happened before the mailing of the notice of deficiency. It should be noted that petitioner spent no more than 2 months of the look-back period on active duty. Thus, even if the 2-year period is extended back an extra 2 months, plus the 180 days offered by section 7508, his taxes would still have been paid too early in 1988 to permit recovery. The parties agree that petitioner had an overpayment of $ 8,102 for 1987 but, as unfortunate as it may be, petitioner delayed filing his 1987 tax return for too long to be entitled to a refund of that overpayment. *508 Section 7508 was designed to give more time to persons serving in combat zones to meet the requirements of the Internal Revenue Code for filing returns and petitions, paying taxes, filing refund claims, and taking other affirmative actions which their presence in a combat zone made difficult to accomplish. Section 7508 does not extend the time for doing nothing in order to assist a taxpayer who has been less than diligent in preserving his rights. Decision will be entered for respondent.
Footnotes
1. The parties stipulated that on Oct. 3, 1990, respondent sent a notice of deficiency for 1987 addressed to petitioner to a Tahlequah, Oklahoma address. The notice was returned undelivered on Oct. 12, 1990. The parties presented a copy of this notice of deficiency as a joint exhibit, but offered no other evidence with regard to the notice. On brief, respondent did not discuss the notice of deficiency (petitioner did not submit a brief), and we conclude that even if the notice had been valid, it would not change the result.↩