ESTATE OF PAUL MITCHELL, DECEASED, PATRICK T. FUJIEKI, EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 21805–93.           Filed October 26, 1994.

*B. John Williams, Jr., David W.K. Wong,* and *Margery S. Bronster,* for petitioner.

*Henry E. O'Neill,* for respondent.

OPINION

JACOBS, *Judge:* This matter is currently before the Court on petitioner's motion for summary judgment pursuant to Rule 121.[1] Petitioner claims that the statute of limitations bars the assessment of additional Federal estate tax and penalties. For the reasons that follow, we hold that the notice of deficiency was timely mailed.

---

[1] All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code.

## Background

The facts needed to resolve the issue raised by petitioner's motion are not in dispute. They are as follows.

Paul Mitchell (decedent) died on April 21, 1989, while a resident of Hawaii. Petitioner is decedent's estate.

Pursuant to section 6075(a), the prescribed date for filing petitioner's estate tax return was 9 months after the date of decedent's death; i.e., on January 21, 1990. This due date was extended by 6 months, pursuant to section 6081, to Saturday, July 21, 1990.

Petitioner's estate tax return was sent by certified mail to the appropriate Internal Revenue Service (IRS) office in an envelope which bore a postmark of Friday, July 20, 1990. The return was delivered to the IRS on Monday, July 23, 1990. On Wednesday, July 21, 1993, respondent mailed petitioner a notice of deficiency, determining a deficiency in petitioner's Federal estate tax in the amount of $45,117,089, and penalties of $8,396,020 pursuant to section 6662(g), and $147,623 pursuant to section 6662(h).

## Discussion

Petitioner contends that respondent's notice of deficiency was untimely mailed. Petitioner posits that the limitations period for assessing additional estate tax commenced on the date the return was mailed; i.e., July 20, 1990, and expired 3 years later on July 20, 1993, or 1 day prior to the mailing of the notice of deficiency. Petitioner claims that pursuant to section 7502, the date of postmark on the envelope containing the estate tax return is the date the estate tax return is deemed filed. Respondent disagrees, claiming that section 7502 does not apply because pursuant to section 7503 the delivery of petitioner's estate tax return was considered timely. According to respondent, July 23, 1990, the date the return was delivered to the IRS, is to be regarded as the date petitioner's estate tax return was filed.

Both parties agree that if July 20, 1993, is deemed to be the filing date, respondent's notice of deficiency is untimely; and conversely, if July 23, 1993, is deemed to be the filing date, respondent's notice of deficiency is timely. Sec. 6501(a). Thus, the issue to be resolved herein is whether petitioner's estate tax return is deemed filed on the date the return was

mailed, as petitioner contends, or on the date the return was delivered, as respondent contends.

In general, section 6501(a) requires assessment of tax to be made within 3' years after a return is filed, whether the return was filed on or after the date prescribed. Section 6501(b)(1) provides that if a return is filed before the due date, then for purposes of section 6501, the return shall be considered filed on the due date. Section 6501 does not define the word "filed". However, it has long been held that "filed" means "delivered". *Hotel Equities Corp. v. Commissioner,* 65 T.C. 528, 531 (1975), affd. 546 F.2d 725 (7th Cir. 1976). When an extension of time to file is obtained, a return that is delivered to the IRS before the extended due date is considered filed as of the day it is delivered to the IRS, not when it is mailed. See *First Charter Fin. Corp. v. United States,* 669 F.2d 1342, 1346–1347 (9th Cir. 1982); *Pace Oil Co. v. Commissioner,* 73 T.C. 249, 255 (1979); *Briggs v. Commissioner,* T.C. Memo. 1988–130.

Here, petitioner obtained an extension of time to file petitioner's estate tax return, the estate tax return was mailed prior to the expiration of the extended period for filing, and its delivery was considered timely under section 7503. Hence, we conclude that for purposes of the statute of limitations on assessment, the return is considered filed when delivered to the IRS.

Sections 7502 and 7503, in pertinent part, provide:

SEC. 7502. TIMELY MAILING TREATED AS TIMELY FILING AND PAYING.

(a) GENERAL RULE.—

(1) DATE OF DELIVERY.—If any return * * * required to be filed * * * within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the * * * office with which such return * * * is required to be made, the date of the United States postmark stamped on the cover in which such return * * * is mailed shall be deemed to be the date of delivery * * *

(2) MAILING REQUIREMENTS.—This subsection shall apply only if—

(A) the postmark date falls within the prescribed period or on or before the prescribed date—

(i) for the filing (including any extension granted for such filing) of the return * * *

(ii) * * *, and

(B) the return * * * was, within the time prescribed in subparagraph (A), deposited in the mail in the United States * * *

SEC. 7503. TIME FOR PERFORMANCE OF ACTS WHERE LAST DAY FALLS ON SATURDAY, SUNDAY, OR LEGAL HOLIDAY.

When the last day prescribed under authority of the internal revenue laws for performing any act falls on Saturday, Sunday, or a legal holiday, the performance of such act shall be considered timely if it is performed on the next succeeding day which is not a Saturday, Sunday, or a legal holiday. For purposes of this section, the last day for the performance of any act shall be determined by including any authorized extension of time * * *

If section 7502 applies to the situation involved herein, the delivery date for the return is deemed to be the date the envelope containing petitioner's estate tax return was postmarked; i.e., July 20, 1990. On the other hand, if section 7502 does not apply, the delivery date for the return is the date the return was actually received by the IRS; i.e., July 23, 1990. Respondent mailed the notice of deficiency on July 21, 1993, 1 day late if section 7502 applies, and timely if section 7502 does not apply. Therefore, we must decide whether section 7502 applies.

In order for section 7502 to apply, the tax return or other document must be (1) mailed and postmarked on or before the due date, and (2) delivered after the filing date prescribed "under authority of any provision of the internal revenue laws". Both conditions must be satisfied. For example, if a return is mailed or postmarked after the prescribed filing date, then section 7502 will not apply. Similarly, if a return is delivered on or before the prescribed filing date, then section 7502 will not apply. Respondent contends that because the prescribed date for filing petitioner's estate tax return fell on Saturday, July 21, 1990, pursuant to section 7503, the last day for filing petitioner's estate tax return was extended to Monday, July 23, 1990. Consequently, respondent claims that section 7502 does not apply because petitioner's estate tax return was timely delivered. We agree with respondent.

Citing Rev. Rul. 81–269, 1981–2 C.B. 243, petitioner contends that section 7503 does not change the date prescribed for performing an act. We agree. However, section 7503 considers the performance of an act which otherwise would have to be done on a Saturday, Sunday, or a legal holiday timely performed if done on the next succeeding day which is not a Saturday, Sunday, or legal holiday. As previously

stated, to invoke section 7502, a return must be delivered to the IRS *after* the prescribed filing date "under authority of any provision of the internal revenue laws", that is, the return must be untimely. In ascertaining the prescribed date "under authority of any provision of the internal revenue laws", section 7503 should be taken into account; and thus under the authority of section 7503, the filing of petitioner's estate tax return on Monday, July 23, 1990, was timely. Accordingly, both required conditions of section 7502 have not been satisfied.

Petitioner claims that pursuant to section 6081, the due date for the return could not be extended beyond Saturday, July 21; hence, petitioner argues that because the return was delivered to the IRS on Monday, July 23, section 7502 applies. We disagree. The purpose of section 7502 is not confined to the logic that petitioner relies on. The purpose of section 7502 is "to make the date of mailing the date of delivery only where a document would otherwise be considered untimely filed." *First Charter Fin. Corp. v. United States, supra* at 1346 (citing *Pace Oil Co. v. Commissioner, supra*).[2] The estate tax return in this case was *not* untimely filed.

In our opinion, the holding we reach herein best comports with the purpose of section 7502, especially in view of the fact that statutes of limitations are to be construed strictly in the Government's favor when taxpayers invoke them to bar the Government's claims. See *E.I. DuPont de Nemours & Co. v. Davis,* 264 U.S. 456, 462 (1924); *Walden v. Commissioner,* 90 T.C. 947, 952–953 (1988). To summarize, the date petitioner's estate tax return is deemed filed is the date it was delivered to the IRS; i.e., July 23, 1990. As a consequence, the notice of deficiency, mailed July 21, 1993, was

---

[2] *First Charter Fin. Corp v. United States,* 669 F.2d 1342 (9th Cir. 1982), and *Pace Oil Co. v. Commissioner,* 73 T.C. 249 (1979), dealt with the question of whether sec. 7502 applied to a return postmarked and actually delivered after the original due date but before the extension due date. Both cases held that sec. 7502 did not apply. The statement of the purpose of sec. 7502 in both cases is broad enough to encompass the facts of this case.

timely. Accordingly, petitioner's motion for summary judgment will be denied.

> *An appropriate order will be issued denying petitioner's motion.*