ELINA H. ZIELASKO and FRED W. ZIELASKO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zielasko v. Commissioner
Docket No. 20949-91
United States Tax Court
T.C. Memo 1993-177; 1993 Tax Ct. Memo LEXIS 186; 65 T.C.M. (CCH) 2458; April 21, 1993, Filed *186 Decision will be entered under Rule 155. Elina H. Zielasko and Fred W. Zielasko, pro se. For respondent: John M. Altman. PARR
PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined deficiencies and additions to tax with regard to petitioner Fred W. Zielasko as follows: Additions to Tax, Secs.
Year
Deficiency
6653(b)(1)
6653(b)(2)
6653(b)(1)(A)
1983
$ 6,583
$ 3,292
50% of the
N/A
interest due
on $ 6,583
1984
4,977
2,489
50% of the
N/A
interest due
on $ 4,977
1985
7,986
3,993
50% of the
N/A
interest due
on $ 7,986
1986
9,370
N/A
N/A
$ 7,028
1987
18,327
N/A
N/A
13,745
1988
17,547
N/A
N/A
13,160
Additions to Tax, Secs.
Year
6653(b)(1)(B)
6654
6661
6621(c)
1983
N/A
$ 403
$ 1,646
Interest
at 120%
of sec.
6621(a)
rate on
$ 6,583
1984
N/A
313
-0-
Interest
at 120%
of sec.
6621(a)
rate on
$ 4,977
1985
N/A
457
1,997
Interest
at 120%
of sec.
6621(a)
rate on
$ 7,986
1986
50% of the
454
2,343
Interest
interest due
at 120%
on $ 9,370
of sec.
6621(a)
rate on
$ 9,370
1987
50% of the
990
4,582
Interest
interest due
at 120%
on $ 18,327
of sec.
6621(a)
rate on
$ 18,327
1988
N/A
1,122
4,387
Interest
at 120%
of sec.
6621(a)
rate on
$ 17,547
*187 With regard to Fred W. Zielasko, respondent conceded that he is not liable for the additions to tax for fraud, that he is not liable for the increased rate of interest under section 6621(c) for any of the years in issue, and that he is not liable for additions to tax under section 6661. Respondent determined deficiencies and additions to tax as follows with regard to petitioner Elina H. Zielasko: Additions to Tax, Secs.
Year
Deficiency
6653(b)(1)
6653(b)(2)
6653(b)(1)(A)
1983
$ 3,245
$ 1,623
50% of the
N/A
interest due
on $ 3,245
1984
1,851
926
50% of the
N/A
interest due
on $ 1,851
1985
3,334
1,667
50% of the
N/A
interest due
on $ 3,334
1986
4,204
N/A
N/A
$ 3,153
1987
12,940
N/A
N/A
9,705
1988
11,672
N/A
N/A
8,754
Additions to Tax, Secs.
Year
6653(b)(1)(B)
6654
6661
6621(c)
1983
N/A
$ 199
0
Interest
at 120%
of sec.
6621(a)
rate on
$ 3,245
1984
N/A
117
0
Interest
at 120%
of sec.
6621(a)
rate on
$ 1,851
1985
N/A
191
0
Interest
at 120%
of sec.
6621(a)
rate on
$ 3,334
1986
50% of the
203
0
Interest
interest due
at 120%
on $ 4,204
of sec.
6621(a)
rate on
$ 4,204
1987
50% of the
699
$ 3,235
Interest
interest due
at 120%
on $ 12,940
of sec.
6621(a)
rate on
$ 12,940
1988
N/A
745
2,918
Interest
at 120%
of sec.
6621(a)
rate on
$ 11,672
*188 In the answer, respondent conceded that petitioner Elina H. Zielasko is not liable for the additions to tax for fraud under section 6653(b)(1) and (2) [1] for the years 1983, 1984, and 1985, and under section 6653(b)(1)(A) and (B) for 1986, 1987, and 1988. Respondent further conceded that Elina H. Zielasko is not liable for the increased rate of interest under section 6621(c) for 1983 through 1988, and that she is not liable for additions to tax under section 6661. Because petitioners substantiated additional expenses, thereby reducing the deficiencies determined by the Commissioner, the amounts in dispute at time of trial were as follows: Amounts in Dispute, Elina Zielasko: Additions to Tax, Secs.
Year
Deficiency
6651(a)
6653(a)(1)
6653(a)(2)
1984
1,851
463
93
* 1985
3,334
834
167
* 1986
4,204
1,051
N/A
N/A
1987
12,940
3,235
N/A
N/A
1988
11,672
2,918
N/A
N/A
*189 Additions to Tax, Secs.
Year
6653(a)(1)(A)
6653(a)(1)(B)
6654
1983
N/A
N/A
$ 199
1984
N/A
N/A
117
1985
N/A
N/A
191
1986
$ 210
* 203
1987
647
* 699
1988
584
N/A
745
Amounts in Dispute, Fred Zielasko:
Additions to Tax, Secs.
Year
Deficiency
6651(a)
6653(a)(1)
6653(a)(2)
1983
$ 6,583
$ 1,646
$ 329
* 1984
4,977
1,244
249
* 1985
7,986
1,997
399
* 1986
9,370
2,343
N/A
N/A
1987
18,327
4,582
N/A
N/A
1988
17,547
4,387
N/A
N/A
Additions to Tax, Secs.
Year
6653(a)(1)(A)
6653(a)(1)(B)
6654
1983
N/A
N/A
$ 403
1984
N/A
N/A
313
1985
N/A
N/A
457
1986
$ 469
* 454
1987
916
* 990
1988
877
N/A
1,122
The additions to tax for negligence and for failure *190 to file returns were first asserted by respondent on answer. The issues in dispute are: 1. Whether petitioners received unreported income during taxable years 1983 through 1988 from the operation of a sole proprietorship known as Electronic Cash Register Systems. 2. Whether petitioners received unreported interest income for taxable years 1983, 1984, 1985, and 1988. 3. Whether petitioner, Fred Zielasko, is liable for self-employment tax for the years 1983 through 1988. 4. Whether petitioners are liable for additions to tax, under section 6651(a), for failure to file Federal income tax returns for taxable years 1983 through 1988. 5. Whether petitioners are liable for additions to tax, under section 6653(a)(1) and (2), for taxable years 1983, 1984, and 1985, and section 6653(a)(1)(A) and (B) for taxable years 1986, 1987, and 1988, for negligence or intentional disregard of rules or regulations. 6. Whether petitioners are liable for additions to tax, under section 6654, for taxable years 1983 through 1988 for failure to pay estimated tax. FINDINGS OF FACT Most of the facts have been stipulated by petitioner Fred W. Zielasko and respondent. Elina H. Zielasko refused to *191 sign the stipulation of facts. She appeared at trial but did not testify. When they filed their petition in this case, petitioners resided in Everett, Washington. During the years in issue, petitioners were married and domiciled in the State of Washington. Mr. Zielasko sold and serviced cash registers and related equipment as a sole proprietorship known as Electronic Cash Register Systems. Mr. Zielasko received the following amounts from his business during the years in issue: 1983
Gross Funds
$  51,197 Less: Cost of Goods Sold
(32,477)
Less: Expenses
(6,009)
Net Income
$ 12,711 1984
Gross Funds
$  35,417 Less: Cost of Goods Sold
(20,328)
Less: Expenses
(7,994)
Net Income
$   7,095 1985
Gross Funds
$  72,868 Less: Cost of Goods Sold
(36,389)
Less: Expenses
(12,710)
Net Income
$  23,769 1986
Gross Funds
$  59,564 Less: Cost of Goods Sold
(35,376)
Less: Expenses
(10,294)
Net Income
$  13,894 1987
Gross Funds
$ 162,627 Less: Cost of Goods Sold
(75,684)
Less: Expenses
(38,003)
Net Income
$  48,940 1988
Gross Funds
$ 137,719 Less: Cost of Goods Sold
(54,242)
Less: Expenses
(25,378)
Net Income
$  58,099 *192 Mr. Zielasko also received interest income in the amounts of $ 35, $ 44, $ 76, and $ 18, for the years 1983, 1984, 1985, and 1988, respectively. Neither petitioner filed Federal income tax returns for the years 1983 through 1988. Neither petitioner made payments of estimated tax for any of the years in issue. OPINION Petitioners have the burden of proof regarding the deficiencies and additions to tax under section 6654. Rule 142(a). Issues 1 and 2: Unreported Income
Section 61 defines gross income as all income from whatever source derived. "Compensation for services" and "interest" are included within the definition of gross income. Sec. 61(a)(1), (4). Petitioners argue that the income tax is a "voluntary" tax and, since petitioners did not voluntarily file any returns they are not liable for income tax. The matter of filing tax returns and paying taxes is not voluntary. Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir. 1986); see also United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981) *193 (taxpayer's good faith disagreement with statutory provisions of income tax laws did not excuse her failure to file income tax returns). They also assert that the funds received from the business are not "income", that the Tax Court has no jurisdiction "to assess as a 'deficiency' the total alleged income tax liability of petitioners in violation of the 'self-assessment' nature of the income tax", and other common protester-type arguments. As every court to consider these arguments has observed, they have no merit. Gross income means all income from whatever source derived including, but not limited to, wages, salaries, and income from self-employment. Any monies which come to the taxpayer as the fruits of his labor are "income". See generally Lucas v. Earl, 281 U.S. 111, 114-115 (1930); Roberts v. Commissioner, 176 F.2d 221, 225 (9th Cir. 1949). It includes income realized in any form, whether in money, property, or services. Income as defined under the Sixteenth Amendment is "gain derived from capital, from labor, or from both combined". Eisner v. Macomber, 252 U.S. 189, 207 (1920). *194 Section 61 encompasses all realized accessions to wealth. Commissioner v. Glenshaw Glass Co., 348 U.S. 426 (1955). Moreover, the Tax Court, which was established under Article I of the Constitution, has authority to adjudicate disputes between taxpayers and respondent when a notice of deficiency has been issued and the Tax Court petition is timely filed. Stix Friedman & Co. v. Coyle, 467 F.2d 474 (8th Cir. 1972); Rowlee v. Commissioner, 80 T.C. at 1114-1115. A petition in this case was timely filed by petitioners, and the Tax Court clearly has jurisdiction to decide the matter. Issue 3: Self-Employment Tax
Respondent determined petitioner Fred W. Zielasko is liable for tax under section 1401. Section 1401 imposes a tax for each taxable year on the "self-employment income" of every individual. Section 1402(b) defines self employment income as the "net earnings from self employment" derived by an individual, with certain limitations. Section 1402(a), in turn, defines an individual's "net earnings from self employment" as the gross income derived by an individual from any trade *195 or business carried on by such individual, also with certain limitations. Section 1402(c) provides that the term "trade or business" when used with reference to self-employment income or net earnings from self employment, shall have the same meaning as when used in section 162 (relating to trade or business expenses). The pleadings and stipulation of facts, as well as certain deemed admissions, clearly establish that petitioner Fred Zielasko engaged in his own trade or business of selling and servicing cash registers during the years in issue. Accordingly, respondent's determination is sustained. Issue 4: Additions to Tax for Failure to File
Section 6651(a) imposes an addition to tax for failure to file a required return on or before the prescribed filing date. The addition to tax consists of an addition to the amount required to be shown as tax on the return of 5 percent of the tax per month, but not to exceed 25 percent of the tax required to be shown on the return. Since the additions to tax under section 6651 were first asserted by respondent on answer, respondent bears the burden of proof with respect to this issue. Rule 142(a). It is undisputed that petitioners *196 failed to file returns for each of the years in issue. The stipulation of facts clearly establishes that Mr. Zielasko received income from selling and servicing cash registers during the years in issue. Since, at all relevant times, petitioners were married and domiciled in Washington, one-half of the income earned by Mr. Zielasko is attributable to Mrs. Zielasko under the community property laws of the State of Washington. See Wash. Rev. Code Ann. secs. 26.16.010-26.16.210 (West 1986). In their trial memorandum, petitioners refer to a purported separate property agreement between petitioner Fred W. Zielasko and petitioner Elina H. Zielasko. Although given the opportunity to do so, neither petitioner testified as to any such property agreement, and no written document purporting to be such an agreement was offered in evidence. Therefore, we deem this argument to have been waived. Thus, both petitioners were required to file returns during the years in issue. Accordingly, respondent's determination is sustained. Issue 5: Negligence Addition to Tax
Generally, section 6653(a)(1) for the years 1983 through 1985, and section 6653(a)(1)(A) for the years 1986 through 1988, *197 impose an addition to tax if any part of an underpayment is due to negligence or intentional disregard of the rules or regulations. Section 6653(a)(2), for the years 1983 through 1985, and section 6653(a)(1)(B) for the years 1986 and 1987 impose an addition to tax in an amount equal to 50 percent of the interest due on the portion of the underpayment attributable to negligence. Negligence is defined as lack of care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 937 (1985). As discussed above, petitioners were required to file returns for the years in issue but failed to do so. Failure to file returns is prima facie evidence of negligence. Emmons v. Commissioner, 92 T.C. 342, 349-350 (1989), affd. 898 F.2d 50 (5th Cir. 1990). Moreover, petitioners failed to maintain any books or records with respect to the income and expenses of the business. Accordingly, the determinations of negligence are sustained. Issue 6: Section 6654 Addition to Tax
Section 6654(a) provides that, in the case of any underpayment *198 of estimated tax by an individual, there shall be added to the tax an amount determined by applying the rate established under section 6621, to the amount of the underpayment for the period of the underpayment. In the present case, petitioner failed to make any payments of estimated tax for any of the years in issue. The addition to tax under section 6654(a) is mandatory unless petitioners can prove that they fall into one of the statutory exceptions under section 6654(e). Baldwin v. Commissioner, 84 T.C. 859 (1985). Petitioners have not shown such proof. Accordingly, petitioners are liable for additions to tax under section 6654 for all the years in issue. To account for concessions made by respondent,
Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
*. 50% of the interest due on the entire deficiency.↩
*. 50% of the interest due on the entire deficiency.↩